IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-01124 |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant | ) | |

_____

## DEFENDANT JOHN RIVELLO'S MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDING PENDING RESOLUTION OF RELATED CRIMINAL CASES

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby moves this Honorable Court to stay this matter in its entirety, including without limitation staying Defendant's time for filing a pleading or motion responsive to the Complaint, pending the resolution of related criminal cases filed against Defendant, and in support thereof, Defendant states as follows:

## INTRODUCTION/BACKGROUND

In this case, Plaintiff Kurt Eichenwald ("Plaintiff" or "Eichenwald") has filed civil claims against Defendant, specifically, for "Battery under Texas Law" (Count I), "Assault under Texas Law" (Count II), "Intentional Infliction of Emotional Distress under Texas Law" (Count III), and "Purposeful Infliction of Bodily Harm/*Prima Facie Tort* Under Texas Law" (Count IV). *See* Corrected Complaint, ECF Doc No. 2.

All of Plaintiff's asserted claims, as pleaded in his "Corrected Complaint," arise from and relate directly to a singular "GIF" (or animated image including text) allegedly posted to Twitter

by Defendant, which allegedly caused Plaintiff to suffer a seizure.  *See* Corrected Complaint, ECF Doc No. 2, at ¶¶1, 33-49, 79-88.

Plaintiff filed this case on April 24, 2017. Before this civil case was filed, Defendant was indicted (on or about March 20, 2017) in Dallas County, Texas, under Indictment No. F1700215 ("the State Prosecution"), for "aggravated assault with a deadly weapon," under Texas Penal Code section 22.02(a)(2). *See* Corrected Complaint, ECF Doc No. 2, at ¶ 65, and Exhibit O. Also, prior to the filing of this civil case, federal prosecutors filed a "Criminal Complaint" against Defendant (on March 10, 2017) in the United States District Court for the Northern District of Texas (Dallas Division), charging Defendant with certain federal crimes ("the Federal Prosecution"). *See* Corrected Complaint, ECF Doc No. 2, Exhibit M.

The criminal charges being brought against Defendant in both the State Prosecution and the Federal Prosecution arise directly and completely from the same alleged "GIF" upon which this civil case and all of Plaintiff's asserted civil claims are based. The two criminal cases and this civil case therefore involve and arise from the same alleged facts and events, and will likely involve the same body of evidence and testimony from many of the same witnesses.

## ARGUMENT

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). Accordingly, whether to grant or deny a motion to stay is within the discretion of the Court, and depends upon the particular circumstances at issue. *Maryland v. Universal Elections, Inc.*, 729 F.3d at 375. It is well-settled that federal trial courts have "authority to stay civil proceedings pending resolution of criminal

[cases]." *See Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Management, Inc.*, 411 F.Supp.2d 641, 643 (D.S.C. 2005); *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1981).

Courts look to a number of factors in evaluating a civil litigant's request for a stay pending the outcome of a related criminal investigation or proceeding: (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case including whether the defendants have been indicted; (3) the private interest of the plaintiffs in proceeding expeditiously with the civil litigation; (4) the private interests of, and the burden on, the defendant; (5) the interest of the courts; and (6) the public interest. *In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246, 253 (D. Md. 2004) (*quoting Javier H. v. Garcia–Botello*, 218 F.R.D. 72, 74 (W.D.N.Y.2003)). *See also In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. at 359; *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 99 (2nd Cir. 2012).

Although not dispositive by itself, the actual pendency of a criminal case against a civil litigant – as opposed to merely an ongoing investigation or *possible* criminal charges – weighs heavily in favor of a stay of the civil case. *See e.g. Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 79 (1st Cir. 2004) ("[A]n unindicted defendant who argues that going forward with a civil proceeding will jeopardize his Fifth Amendment rights usually presents a much less robust case for such extraordinary relief."); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc*., 811 F. Supp. 802, 805 (E.D.N.Y. 1992) (citing cases and noting that "[p]re-indictment requests for a stay [of civil proceedings] are generally denied"); *United States v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, No. 02 C 5145, 2006 WL 27119,

3

at*2 (N.D.Ill. Jan. 4, 2006) ("[C]ourts generally issue stays to protect the interests of only those persons against whom an indictment has already issued.").

The United States Supreme Court has emphasized that a "party claiming the Fifth Amendment privilege should suffer no penalty for his silence." *Spevack v. Klein*, 385 U.S. 511, 515 (1967). Under both the Federal Rules of Civil Procedure and the Constitution, a defendant is under no obligation to disclose information that he reasonably believes might be used against him as an accused in a criminal prosecution. *Maness v. Meyers*, 419 U.S. 449, 461 (1975); *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

After indictment, the Fifth Amendment privilege should be "broadly construed … to assure that an individual is not compelled to produce evidence which later may be used against him … in a criminal action. The protection does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in criminal prosecution." *Maness v. Meyers*, 419 U.S. 449, 461 (1975).

In applying the foregoing principles and criteria, the circumstances presented herein weigh *strongly* in favor of a stay:

First, this civil case was initiated *after* both a federal criminal complaint and state indictment had already been filed (in Texas) against Defendant, and those criminal cases are currently pending and unresolved. So, we are not dealing here with a *possible* criminal case or *threatened* criminal case or mere criminal *investigation*.

Second, the facts and issues overlap considerably (if not completely) between the criminal case and this civil case. Indeed, the civil Complaint contains many of the same

4

allegations and assertions as are set forth in the Affidavit filed in connection with the Federal

Prosecution. Both criminal cases and this case arise from the same alleged events and the same

alleged conduct by Defendant; much of the same evidence, both documentary and testimonial,

that will bear on the criminal cases will also bear upon the civil case, and vice versa.

Third, although Plaintiff Eichenwald may have some interest in proceeding presently on

his civil claims, as any civil litigant may well have, such interest cannot be said to be compelling

or particularly time-sensitive, and certainly is outweighed by other concerns including the

prejudice to Defendant Rivello. Some period of delay, while the criminal cases proceed, will not

prejudice Plaintiff or his ability to develop his purported case in any articulable way; his ability

to develop an evidentiary record in this case, which (as alleged) is relatively narrow in its factual

scope, will not be materially compromised by a stay for some reasonable length of time.

Fourth, in the absence of a stay, the burdens placed upon Defendant Rivello and the

prejudice to him would be significant. The fundamental constitutional concerns underlying the

Fifth Amendment and the protections afforded by it are directly implicated by this civil case. In

the absence of a stay, Defendant will be called upon through the ordinary litigation process to

respond substantively to the Complaint, respond to interrogatories, produce records and

documents, appear for deposition and give testimony, respond to motions (perhaps going to the

merits of the case), and otherwise actively defend himself against the civil claims. This will place

Defendant in a clear and unfair constitutional dilemma – having to choose between mounting an

active, complete, and robust defense of the civil claims being asserted against him in this case,

and preserving and advancing his Fifth Amendment rights in connection with the criminal

charges brought against him. He will either be severely prejudiced in his ability to defend

himself in the civil case (by asserting his Fifth Amendment rights throughout), or, by fully and

actively defending himself in the civil case, he will be forced to give up his fundamental and important Fifth Amendment protections, thereby hampering and prejudicing his defense of the criminal cases. Any discovery to be furnished by Rivello in this civil action could "furnish a link in the chain of evidence" in the related criminal cases (in which the government plainly bears the burden). Also, as a practical concern, in the absence of a stay, Defendant will be required to actively defend and deal with criminal proceedings in the State of Texas at the same time that he must actively defend civil proceedings in the State of Maryland. Apart from the constitutional concerns, which should be paramount, having to defend himself simultaneously against two criminal cases in Texas and a civil case in Maryland would place an unjust, unreasonable, and unnecessary burden upon Defendant, if the stay is not granted.

Fifth, the interests of this Court and the public interest will be served, and certainly will not be undermined, by the requested stay. If this case is allowed to proceed in the face of the pending criminal cases, this Court will be called upon throughout the proceeding and in every aspect of it to resolve the complex Fifth Amendment implications, in regard to pleadings, discovery, motion practice, and trial. Also, given the pendency of directly-related criminal proceedings in Texas, judicial efforts will be duplicated unnecessarily and could lead to inconsistent or conflicting rulings and results, if this case is not stayed. There is no legitimate public interest that would be adversely affected by a stay of this private, civil case; the criminal cases pending in Texas, which would not be stayed, are the proceedings in which the public might be said to have a purported interest.

## CONCLUSION

WHEREFORE, Defendant John Rivello respectfully asks this Honorable Court to stay this civil action, in its entirety, including without limitation staying Defendant's time for filing a

pleading or motion responsive to the Complaint, pending resolution of the criminal cases filed against Defendant in Texas; such that Defendant shall not be required to file a responsive pleading or motion, and the case will otherwise be stayed, until thirty (30) days after resolution at the trial court level of the referenced criminal cases.

Respectfully submitted,

By:          **/s/ Bruce F. Bright**
Bruce F. Bright (Bar No. 27236)
Jon P. Bulkeley (Bar No. 19512)
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
E-mail: bbright@ajgalaw.com
E-mail: jbulkeley@ajgalaw.com
*Attorneys for Defendant John Rivello*

<b><u>CERTIFICATE OF SERVICE</u></b>

I HEREBY CERTIFY that, on this 7th day of July, 2017, a copy of the foregoing Defendant John Rivello's Memorandum in Support of Motion to Stay Proceeding Pending Resolution of Related Criminal Cases was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

**/s/ Bruce F. Bright**
Bruce F. Bright