Law Offices
**AYRES, JENKINS, GORDY & ALMAND, P.A.**
6200 COASTAL HIGHWAY, SUITE 200
OCEAN CITY, MARYLAND 21842
(410) 723-1400
FAX (410) 723-1861
E-mail address: bbright@ajgalaw.com

GUY R. AYRES III
M. DEAN JENKINS
JAMES W. ALMAND

WILLIAM E. ESHAM, III
MARK SPENCER CROPPER
BRUCE F. BRIGHT
HEATHER E. STANSBURY
JON P. BULKELEY
RYAN D. BODLEY

OF COUNSEL
HAROLD B. GORDY, JR.

OCEAN PINES OFFICE
11047 RACETRACK ROAD
BERLIN, MARYLAND 21811

(410) 641-5033
FAX (410) 641-6926

**Reply to Ocean City Office**

March 1, 2018

***Via Electronic Filing***
The Honorable James K. Bredar
United States District Court for the
 District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: *Eichenwald v. Rivello*
     Case No.: 1:17-cv-01124-JKB

Dear Judge Bredar:

   In follow-up to our telephonic conference with Your Honor on Monday, February 26, 2018, it occurred to me that, since Plaintiff will be permitted (under the partial lifting of the stay) to conduct third-party discovery, it would serve the interests of fairness and judicial efficiency for Defendant to have that right as well (the right to conduct third-party discovery only). This would seem in our view to make practical sense, would not prejudice any party's rights or interests, and would be equitable.

   We would respectfully ask that Your Honor consider adding to the Order Plaintiff was directed to prepare language that permits third-party discovery by Defendant. Plaintiff's counsel and I have been working on the proposed Order, but since this matter was not raised during our telephonic conference, I did not want to presume to seek a change to the proposed Order in this regard, before raising the issue with Your Honor as I am now raising it in this letter.

   Certainly, if Your Honor would prefer that my request be submitted more formally (e.g., in a Motion for Reconsideration), I will promptly prepare and file such a submission.

1

I have asked Plaintiff to provide his position.  At my request, Plaintiff has provided the following language for inclusion in this letter:

"Mr. Eichenwald opposes Mr. Rivello's request for two reasons.  First, Mr. Eichenwald has demonstrated a compelling need (and a public interest) in his being permitted to seek third party discovery at this point. Mr. Rivello has shown no such need. Nor does he have one. His own third party electronic communications (which have presumably been obtained by the criminal authorities) either have been or will be produced to him by the criminal authorities during the criminal proceedings. Mr. Eichenwald, on the other hand, does not have access to the documents gathered by the criminal authorities (since the documents gathered by the criminal authorities will presumably be shielded from Mr. Eichenwald's efforts to obtain them from the criminal authorities because of grand jury secrecy).  Thus, Mr. Eichenwald has a need to obtain third party documents that Mr. Rivello does not. Second, given the nature of the underlying allegations in this lawsuit—Mr. Rivello's attempt to kill Mr. Eichenwald by triggering an epileptic seizure (an attack for which Mr. Rivello is currently being prosecuted)—Mr. Eichenwald has concerns that Mr. Rivello may use an order permitting him to take third party discovery to harass or intimidate Mr. Eichenwald's family, friends, or colleagues. It would be unfair to permit Mr. Rivello to take such discovery (sword) while he is at the same time shielded from discovery of him."

Defendant's response to those assertions by Plaintiff is as follows:

1) Defendant and his counsel have no intention to use third-party discovery for any improper purpose, to harass anyone, or to seek any non-discoverable information. Indeed, applicable law would prohibit any of that.

2) Defendant has the very same interest and need as does Plaintiff in the preservation of relevant and admissible evidence held by third parties.

3) Documents that have been gathered by prosecutors and produced by them to Defendant's criminal defense attorney (Texas attorney Matt Alford), or will be produced, may or may not include documents that the undersigned deems necessary for defense of this case.

4) Defendant intends, if permitted by Your Honor, to seek discovery from, for example: internet/electronic platforms on which Plaintiff has actively and prolifically commented and communicated as to matters pertinent to this case, from Plaintiff's health care providers in regard to what Plaintiff has alleged to be medical issues and conditions arising from the allegedly actionable "gif" (and pre-dating it); and from other non-parties having pertinent records or knowledge.

2

5) It makes little sense from a judicial efficiency standpoint to have Plaintiff's third-party discovery proceed now, and delay Defendant's third-party discovery until some later point in time.

6) Defendant seeks only to conduct the same type of discovery (non-party discovery) that Plaintiff will be entitled to conduct. If Defendant is permitted to do so, both parties will continue to be "shielded" in the same manner, and may proceed in the same manner.

Very truly yours,

/s/ Bruce F. Bright

Bruce F. Bright
(Bar No. 27236)

cc:    Steven Lieberman, Esq. (via electronic filing)
       Jennifer Maisel, Esq. (via electronic filing)
       Mark Spencer Cropper, Esq. (via electronic filing)