IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KURT EICHENWALD | ) |
| Plaintiff | ) |
| v. | ) CASE NO. JKB-17-01124 |
| JOHN RIVELLO | ) |
| Defendant | ) |

## DEFENDANT JOHN RIVELLO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AS TO COUNTS I AND IV OF CORRECTED COMPLAINT[1]

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby moves this Honorable Court, pursuant to Fed. Rule of Civ. P. 12(b)(6), for dismissal of Counts I and IV of the Corrected Complaint of Plaintiff KURT EICHENWALD ("Plaintiff" or "Eichenwald"), and in support thereof, Defendant states as follows:

### INTRODUCTION/BACKGROUND

In this case, Plaintiff Kurt Eichenwald ("Plaintiff" or "Eichenwald") has filed civil claims against Defendant, specifically, for "Battery under Texas Law" (Count I), "Assault under Texas Law" (Count II), "Intentional Infliction of Emotional Distress under Texas Law" (Count III), and

---

[1] By filing this Motion to Dismiss as to Counts I and IV of the Corrected Complaint, Defendant, through his counsel in this case, advances legal arguments as to Counts I and IV, but by doing so, does not waive his rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution, and expressly reserves those rights.

"Purposeful Infliction of Bodily Harm/*Prima Facie Tort* Under Texas Law" (Count IV). *See* Corrected Complaint, ECF Doc No. 2.[2]

All of Plaintiff's asserted claims, as pleaded in his "Corrected Complaint," arise from and relate directly to an alleged "GIF" (or animated image including text) allegedly posted to Twitter by Defendant, which allegedly caused Plaintiff to suffer a seizure. *See* Corrected Complaint, ECF Doc No. 2, at ¶¶1, 33-49, 79-88.

## ARGUMENT

### I. STANDARD OF REVIEW.

In considering a Rule 12(b)(6) motion to dismiss, the trial court must accept as true all well-pleaded facts and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993), *cert. denied*, *American Home Products v. Mylan Laboratories*, 510 U.S. 1197 (1993); *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181 (4th Cir. 2002); *De Sole v. U.S.*, 947 F.2d 1169 (4th Cir. 1991).

A motion to dismiss for failure to state a claim may properly be granted if it is clear that the plaintiff can prove no set of facts which would support his claim, as pleaded and asserted. *Mylan Labs., Inc. v. Matkari*, 7 F.3d at 1134. "Although the court must take the facts in the light most favorable to the plaintiff, it need not accept the legal conclusions drawn from the facts." *Directory Assistants, Inc. v. Supermedia, LLC*, 884 F. Supp. 2d 446, 448–49 (E.D. Va. 2012) (*citing Schatz v. Rosenberg,* 943 F.2d 485, 489 (4th Cir. 1991)).

---

[2] Contemporaneously with the filing of this Motion, Defendant is filing an Answer as to Counts II and III of the Corrected Complaint. Because Defendant has answered as to Counts II and III, and has moved to dismiss as to Counts I and IV only, Defense counsel submits to the Court that third-party discovery as contemplated and permitted in the Court's Order dated March 6, 2018, may be initiated and conducted during the pendency of (and before the Court's ruling as to) Defendant's Motion to Dismiss as to Counts I and IV.

## II. UNDER TEXAS LAW, THERE IS NO CLAIM FOR "BATTERY" THAT IS SEPARATE AND DISTINCT FROM "ASSAULT"; AND IN ANY EVENT PLAINTIFF HAS NOT ALLEGED ANY PHYSICAL CONTACT BETWEEN PLAINTIFF AND DEFENDANT.

Plaintiff has asserted, as Count I, a claim for "Battery Under Texas Law"; and, separately as Count II, Plaintiff asserts a claim for "Assault Under Texas Law."

Under Texas law, the definition of assault is the same in both civil and criminal law. *Waffle House v. Williams*, 313 S.W.3d 796, 8000-801, n4 (Tex. 2010). A person commits civil "*assault*" under Texas law if the person: 1) intentionally, knowingly, or recklessly causes bodily injury to another; 2) intentionally or knowingly threatens another with imminent bodily injury; or 3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. *LaBella v. Charles Thomas,* 942 S.W. 2d 127, 138 (Tex. 1997) (*citing* Tex. Penal Code §22.01).

Historically, under Texas law, assault and battery were two distinct legal causes of action (and crimes); However, presently, assault and battery are combined (in the Texas Penal Code and for civil purposes) under the single offense of "assault," *See City of Watauga v. Gordon*, 434 S.W.3d 586, 589-90 (Tex. 2014). There is no longer a separate and distinct cause of action under Texas law for "battery" (nor is there any such crime under Texas law). Perhaps the elements as alleged in Count I (purported "Battery" claim) may properly have been alleged as part of Count II ("Assault"), but there is no basis in Texas law for Plaintiff to assert two separate causes of action – one purportedly for "battery" and the other purportedly for "assault."

Also, to the extent that Count I, though labeled as a claim for "Battery Under Texas Law," purports to advance the "offensive or provocative physical contact" category or type of "Assault," <u>there is no allegation in the Corrected Complaint of any physical contact between Plaintiff and Defendant</u>. There are merely allegations in the Corrected Complaint of a "tweet"

3

posted electronically by Defendant, and the viewing of that "tweet" by Plaintiff (while allegedly at his computer in Texas). Plaintiff characterizes this as Defendant (allegedly) "set[ting] a force in motion that ultimately caused [Plaintiff] to suffer bodily injury." Corrected Complaint, ECF Doc. No. 2, at ¶76. There is no basis in Texas law for the alleged conduct of Defendant (his alleged tweet), coupled with Plaintiff's alleged viewing of the tweet, to constitute and form a legal basis for the "physical contact" category or type of "assault." Consequently, Count I of the Corrected Complaint should be dismissed, in its entirety and with prejudice.

### III. THERE IS NO CAUSE OF ACTION FOR "PURPOSEFUL INFLICTION OF BODILY HARM" UNDER TEXAS LAW; CONSEQUENTLY, COUNT IV SHOULD BE DISMISSED.

Plaintiff attempts in Count IV of his Corrected Complaint to advance a cause of action that does not exist, and has not been recognized, under Texas law – namely, "Purposeful Infliction of Bodily Harm." In Texas, the courts do not easily recognize new torts, *See generally, Trevino v. Ortega*, 969 S.W.2d 950, 951-2 (Tex. 1998) ("This Court treads cautiously when deciding whether to recognize a new tort", declining to recognize spoliation as a tort); *Boyles v. Kerr*, 855 S.W.2d 593, 600 (Tex. 1993) (no tort of negligent infliction of emotional distress); *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397 (Tex. 1993) (no tort of loss of chance to live as opposed to recognized tort of wrongful death).

This "Purposeful Infliction of Bodily Harm" theory of liability is apparently being actively proposed and/or discussed by the American Law Institute ("ALI") and its members in *tentative drafts* of the Restatement (Third) of Torts, at proposed section 104:

> **§ 104. Purposeful Infliction of Bodily Harm**
> **An actor is subject to liability to another for purposeful infliction of bodily harm if:**
> **(a) the actor purposely causes bodily harm to the other, either by the actor's affirmative conduct or by the actor's failure to prevent bodily harm when the actor has a duty to prevent such harm.**

However, no such cause of action exists or has been judicially recognized, under Texas law (or, that we can find, elsewhere). Indeed, from the undersigned's research, it does not appear that this theory of liability has even been approved by the ALI as part of the Restatement of Torts. Plaintiff's Count IV presents no legally cognizable cause of action; it presents a novel and purely academic theory of tort liability, nothing more, and should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant John Rivello respectfully asks this Honorable Court to dismiss Counts I and IV of the Corrected Complaint, with prejudice.

Respectfully submitted,

By: **/s/ Bruce F. Bright**
Bruce F. Bright (Bar No. 27236)
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
E-mail: bbright@ajgalaw.com
*Attorneys for Defendant John Rivello*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 21st day of March, 2018, a copy of the foregoing Defendant John Rivello's Memorandum in Support of Motion to Dismiss as to Count I and Count IV of Corrected Complaint was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

      **/s/ Bruce F. Bright**
      Bruce F. Bright