IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KURT EICHENWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-cv-01124-JKB |
| v. | ) |
| | ) |
| JOHN RIVELLO | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
JOHN RIVELLO'S MOTION TO DISMISS AS TO COUNTS I AND IV
OF CORRECTED COMPLAINT**

This Court entered an Order on March 6, 2018, partially lifting the stay of this proceeding, and ordering John Rivello ("Defendant") to answer or otherwise respond to the Complaint by March 21, 2018. Dkt. 24. On March 21, 2018, Defendant filed an Answer to the Complaint as to Counts II and III, Dkt. 25, and filed a Motion to Dismiss as to Counts I (Battery) and IV (Purposeful Infliction of Bodily Harm/*Prima Facie* Tort) of the Complaint, Dkt. 26. Kurt Eichenwald ("Plaintiff") now files this Memorandum in Opposition to Defendant's Motion to Dismiss.

**ARGUMENT**

This Court should deny Defendant's motion to dismiss as to Count I (Battery) because it is predicated on: 1) the incorrect assertion that Texas no longer recognizes a civil cause of action for battery, and 2) the incorrect assertion that a civil claim for battery under Texas law requires direct physical contact. Plaintiff does not oppose the Court dismissing, without prejudice, Count IV, purposeful infliction of bodily harm/*prima facie* tort, in view of the nascent nature of this

1

theory of tort liability.

## I. COUNT I OF THE COMPLAINT PROPERLY PLEADS A CLAIM OF BATTERY UNDER TEXAS LAW

### A. Defendant's Characterization of Texas Law Is Incorrect

Battery remains a viable cause of action in Texas civil law. While Defendant correctly notes that Texas criminal law has collapsed the common-law concepts of assault and battery under its definition of assault, Tex. Penal Code § 22.01(a), battery has not been removed as a separate *civil* cause of action. In *City of Watauga v. Gordon*, 434 S.W.3d 586 (Tex. 2014), the Supreme Court of Texas stated that "Texas courts have recognized private causes of action for both assault and battery for well over a century," and that "[t]hese two intentional torts are related but conceptually distinct." *Id.* at 589-90. In addition, the court in *Gordon* went on to discuss and ultimately hold that the conduct alleged in the case was related to "a claim that arises out of a battery." *Id.* at 594.

*Gordon* notes that "[r]eliance on the criminal-assault statute has led several Texas civil courts to meld common-law concepts of assault and battery under the rubric of assault." *Id.* at 589. However, the *Gordon* decision makes clear that battery survives as a separate cause of action under Texas civil law. In fact, the court in *Gordon* concluded that the acts at issue in the case were properly characterized as a form of battery available under Texas civil law. *Id.* at 590, 594.

As the very acts alleged in the case were viewed as corresponding to a form of common-law battery, no reasonable reading of *Gordon* supports Defendant's proposition that the Supreme Court of Texas intended to do away with common-law battery as a civil cause of action. Indeed, multiple Texas courts following the *Gordon* decision have interpreted the case primarily as discussing which of the three criminal assault definitions correspond to civil assault claims and

which correspond to civil battery claims. *See Chennault v. Chennault*, No. 12-17-00295-CV, 2018 WL 992115, at*4 (Tex. App. Feb. 21, 2018) (citing *Gordon* for a definition of civil battery as "intentionally, knowingly, or recklessly causing bodily injury to another" and civil assault as "intentionally or knowingly threatening another with imminent bodily injury); *Richardson v. Potter's House of Dallas, Inc.*, No. 05-16-00646-CV, 2017 WL 745803, at *3 (Tex. App. Feb. 27, 2017), *review denied* (Sept. 1, 2017) (citing *Gordon* and concluding that plaintiff "substantively pleaded an offensive-contact battery, not an assault" while affirming summary judgment dismissal for lack of evidence). At least one Federal District Court in Texas has similarly discussed battery being at issue in the case while still citing *Gordon*. *See Rhine v. First Baptist Dallas Church*, No. 3:14-CV-3055-M-BH, 2016 WL 6471941, at *7 (N.D. Tex. Oct. 4, 2016), *report and recommendation adopted*, 2016 WL 6436335 (N.D. Tex. Oct. 31, 2016) (dismissing battery claim as plaintiff's alleged actions amounted to consent).

As such, Defendant's position that battery is no longer available as a separate civil cause of action under Texas law is neither supported by the case he cites, nor by later Texas courts' interpretations of that case.

**B. Defendant's Argument that Texas Law Requires Physical Contact for a Battery Claim Is Not Correct**

Defendant incorrectly—and without any citation to any case law (Dkt. 26 at 3-4)—argues that *direct physical contact* between Plaintiff and Defendant is a requirement for alleging the "offensive contact" form of battery. Defendant argues that Plaintiff did not allege such a direct contact, and that Plaintiff's other allegations, including that Defendant "set a force in motion that ultimately caused Mr. Eichenwald to suffer bodily injury," do not "form a legal

basis" for this category of battery. Dkt. 26 at 3-4. This assertion is contrary to more than 50 years of Texas case law.[1]

Beginning at least as early as 1967, the Supreme Court of Texas has recognized "that actual physical contact is not necessary to constitute a battery…" in a variety of situations, including, for example, when the contact occurs with something held in one's hand. *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967). In reaching such a holding, the court there relied partially upon the Restatement (Second) of Torts, which recites that a battery occurs when following an intentional action, "an offensive contact with the person of the other directly *or indirectly* results." Restatement (Second) of Torts § 18 (1965) (emphasis added).

The Supreme Court of Texas has frequently relied upon the sections of the Restatement dealing with battery. *See Gordon* 434 S.W.3d at 590 (citing Restatement (Second) of Torts §§ 13, 18 (1965)); *Texas Dep't of Pub. Safety v. Cox Texas Newspapers, L.P.*, 343 S.W.3d 112, 127 (Tex. 2011) (citing Restatement (Second) of Torts § 13 (1965)). Comments to Section 18 of the Restatement dealing with the offensive contact form of battery further explain that "it is not necessary that [the actor] should bring any part of his own body in contact with another's person," but that he would also be liable for throwing a substance on the other, smearing an offensive substance on a towel he expects the other to use, or pulling from under the other a chair upon which he is about to sit. Restatement (Second) of Torts § 18 (1965).

The United States Court of Appeals for the Fifth Circuit, in analyzing Texas law corresponding to the "bodily injury" form of battery, has held that such injury can occur "from any of a number of acts" such as by poisoning or by tricking the victim into a collision with a vehicle by telling him it is safe to enter the path of a car he cannot see. *United States v. Villegas-*

---

[1] Count I of the Complaint alleges both the "bodily injury" and "offensive contact" forms of battery, Dkt. 2 at ¶¶ 75-76, as recognized under Texas law, *see Gordon*, 434 S.W.3d at 590. The allegations of bodily injury battery were not addressed by Defendant.

*Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006). The Court there held that liability was available under the "bodily injury" form of battery *without the requirement of physical contact*, and that a battery may occur by "the defendant so causing such injury by means *other than* the actual, attempted, or threatened 'use of physical force against the person of another,' and hence does not have such use of force as an element." *Id.* at 882 (emphasis in original).

The Supreme Court of the United States has similarly discussed that harm caused by indirect contact, such as a bullet striking a victim, supports a battery claim. *See United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014). The Court there discussed that the force used in battery "need not be applied directly to the body of the victim," and that administering poison, infecting with a disease, or force "even by resort to some intangible substance such as a laser beam" can for the basis for a battery. *Id.* at 1414–15 (internal quotations omitted). Similarly, the court described the sort of force required as being "force exerted by and through concrete bodies," i.e. as a result of physical phenomenon, "as opposed to 'intellectual force or emotional force.'" *Id.* at 1414.

Several courts outside of Texas have also addressed contact through methods similar to the intangible substances as addressed by the Supreme Court in *Castleman*. For example, the Court of Appeals of Virginia held that a laser effected a contact causing bodily harm where, "[t]he laser, directed by [the actor], came into contact with [the victim's] eye, and, as a result, there was an unlawful touching." *Adams v. Com.*, 534 S.E.2d 347, 351 (2000). Further courts, including this Court, have found other contact by intangible substances causing harm to appropriately support battery, including exposure of a medical device to an electromagnetic field produced by a metal detecting wand, *Carter v. Maryland*, No. CIV. JKB-12-1789, 2012 WL 6021370, at *11 (D. Md. Dec. 3, 2012) (Bredar, J.) (allowing a claim for battery without

5

touching to survive a motion to dismiss), exposure to X-ray, *United States v. Madigar*, 46 M.J. 802, 804 (C.G. Ct. Crim. App. 1997) (holding that exposure to X-ray radiation constitutes offensive or harmful touching); *Irwin v. Arrendale*, 159 S.E.2d 719, 726 (Ga. Ct. App. 1967) (describing an unconsented X-ray procedure as supporting an allegation of assault and battery by "radiation penetration"), and exposure to radiation by venting a nuclear reactor, *Field v. Philadelphia Elec. Co.*, 565 A.2d 1170, 1178 (Pa. Super. Ct. 1989) (holding that the actors intended the victim "to come into contact with the radiation"). Thus, there is support from courts in Texas, from the United States Supreme Court, and from a variety of other courts to support preserving the claim asserted here.

Moreover, Plaintiff **has** alleged physical contact. In paragraphs 33-49 of the Complaint, Plaintiff details how Defendant used a computer to send an image to Plaintiff, the light of which image entered Plaintiff's eye, and caused the reaction of a seizure. Dkt. 2 at ¶¶ 33-49. This is the same as the lasers as contemplated in *Castleman*, 134 S. Ct. at 1414-15, or as held in *Adams*, where light from a laser pointer used by the actor entered the victim's eye, and caused the reaction of a stinging sensation, 534 S.E.2d at 351. In other words, a physical phenomenon, rather than intellectual or emotional force, acted on Mr. Eichenwald, resulting in a seizure as a result of the actions of Defendant.

II. **COUNT IV OF THE COMPLAINT REFLECTS A DEVELOPING CAUSE OF ACTION AND SHOULD BE DISMISSED WITHOUT PREJUDICE**

Count IV of the Complaint alleges purposeful infliction of bodily harm or *prima facie* tort. Dkt. 2 at ¶¶ 86-88. Plaintiff acknowledges that this cause of action, when styled as purposeful infliction of bodily harm, is currently under consideration by the American Law Institute and has not yet been adopted by Texas courts. Restatement (Third) of Torts: Inten. Torts to Persons § 104 TD No. 1 (2015). However, the principles underlying the cause of action have

been analyzed previously by courts when styled as *prima facie* tort. S*ee id.* (citing "prima facie" tort, Restatement (Second) of Torts § 870 (1979), as a predecessor to the proposed tort).  This cause of action has been acknowledged by courts around the country. *See, e.g.*, *Advance Music Corp. v. Am. Tobacco Co.*, 70 N.E.2d 401, 402-03 (N.Y. 1946) (acknowledging *prima facie* tort cause of action for "infliction of temporal damages"); *Porter v. Crawford & Co.*, 611 S.W.2d 265, 271-72 (Mo. Ct. App. 1980) (adopting *prima facie* tort as described in the Restatement (Second) of Torts); *Schmitz v. Smentowski*, 1990-NMSC-002, ¶¶ 65-67, 109 N.M. 386, 399, 785 P.2d 726, 739 (affirming holding of liability under *prima facie* tort).

Plaintiff acknowledges that Texas courts have not yet recognized this cause of action. As such, Plaintiff does not oppose the dismissal of this Count without prejudice, in recognition of the nascent nature of this theory of tort liability and the possibility that the courts in Texas or the Texas legislature will recognize this tort before the conclusion of this case.

## CONCLUSION

For at least foregoing reasons, Mr. Eichenwald respectfully requests that the Court deny Defendant's motion to dismiss as to Count I of the Complaint, and requests that Count IV of the Complaint be denied without prejudice.

                                                    Respectfully submitted,

Dated: April 4, 2018                */s/ Steven Lieberman*
                                                  Steven Lieberman
                                                  Jennifer B. Maisel (admitted *pro hac vice*)
                                                  ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                                  607 14th Street, N.W. – Suite 800
                                                  Washington, D.C.  20005
                                                  Tel:  (202) 783-6040
                                                  Fax:  (202) 783-6031
                                                  Email: slieberman@rfem.com
                                                  Email: jmaisel@rfem.com
                                                  *Attorneys for Plaintiff Kurt Eichenwald*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 4th day of April, 2018, a copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN RIVELLO'S MOTION TO DISMISS AS TO COUNTS I AND IV OF CORRECTED COMPLAINT was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

                 */s/ Nasri V. B. Hage*
                 Nasri V.B. Hage