IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

KURT EICHENWALD        )
                           )
        Plaintiff         )
                           )
v.                     )      CASE NO. JKB-17-01124
                           )
JOHN RIVELLO         )
                           )
        Defendant     )

_____

**DEFENDANT JOHN RIVELLO'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AS TO COUNTS I AND IV OF CORRECTED COMPLAINT[1]**

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby replies to Plaintiff's response to Defendant's Motion to Dismiss as to Counts I and IV, and states as follows:

1.      Plaintiff acknowledges in his Response that Count IV ("purposeful infliction of bodily harm") presents a novel theory not yet recognized under Texas law. Plaintiff does not oppose dismissal of that invalid claim but asks the Court to dismiss the claim "without prejudice." In the context of a Rule 12(b)(6) motion to dismiss, if the plaintiff can prove no set of facts which would support his claim, as pleaded and asserted, the claim must be dismissed with prejudice. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993), *cert. denied*, *American Home Products v. Mylan Laboratories*, 510 U.S. 1197 (1993); *Darcangelo v. Verizon*

_____

[1] By filing this Reply, Defendant, through his counsel in this case, advances legal arguments as to Counts I and IV, but by doing so, does not waive his rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution, and expressly reserves those rights.

*Communications, Inc.*, 292 F.3d 181 (4th Cir. 2002); *De Sole v. U.S.*, 947 F.2d 1169 (4th Cir. 1991). The purported cause of action advanced in Count IV plainly *does not exist under Texas law*, as developed more fully in Defendant's Motion and as Plaintiff has now unconditionally conceded. There is, therefore, no set of facts under which Plaintiff can sustain Count IV, as pleaded. Accordingly, Count IV fails as a matter of law and should be dismissed "with prejudice."

2.      As to Count I ("Battery"), Plaintiff apparently misunderstands Texas law, misunderstands the arguments Defendant is advancing, or both.

3.      In Counts I and II, Plaintiff purports to advance two separate and distinct claims under Texas law – one for "battery" (Count I) and one for "assault" (Count II). Under Texas law as it exists currently and has existed for some time, "assault" (as defined in the Texas Penal Code *and as used for civil purposes*) and/or "assault and battery" (as referenced in Texas civil pattern jury instruction 6.6 (*see* **Exhibit A**)) includes and encompasses: 1) intentionally, knowingly, or recklessly causing bodily injury to another (Texas Penal Code §22.01(a)(1)); 2) intentionally or knowingly threatening another with imminent bodily injury (Texas Penal Code §22.01(a)(2)); and/or 3) intentionally or knowingly *causing physical contact* with another when the actor knows or should reasonably believe that the other will regard the contact as offensive or provocative (Texas Penal Code §22.01(a)(3)).

4.      Those three types *of conduct by a defendant* can, together or separately, constitute a basis for the omnibus civil claim of "assault" (or "assault and battery") as recognized under Texas law. In Texas, there is not a civil claim of "assault" that is separate and distinct from a civil claim of "battery." As stated, there is but one cause of action or claim, styled either as

"assault" or as "assault and battery," that arises from three clearly-enumerated categories of conduct. This is well-established under Texas law.

5.      Count I, as pleaded in the "Corrected Complaint," purports to advance a "battery" claim under Texas law, based on allegations that: 1) "because of his acts," Defendant "caused Eichenwald to suffer bodily injury"; and 2) by his acts, Defendant "intended to cause a harmful or offensive contact with Mr. Eichenwald, and a harmful contact with Mr. Eichenwald resulted." Corrected Complaint, ECF Doc. No. 2, at ¶¶75-76.

6.      Count II, as pleaded in the "Corrected Complaint," purports to advance an "assault" claim under Texas law, based on an allegation that Defendant "threatened Mr. Eichenwald with imminent bodily injury." Corrected Complaint, ECF Doc. No. 2, at ¶79.

7.      Accordingly, the Corrected Complaint purports to advance a "battery" claim (under Texas law) that is separate and distinct from an "assault" claim (under Texas law). Under Texas law, there is no cognizable civil claim of "battery" that is separate and distinct from the civil claim of "assault." To be certain, as stated, the civil claim of "assault" (alternatively styled as "assault and battery"), as recognized under Texas law, can be based on one or more of three grounds – 1) intentionally, knowingly, or recklessly causing bodily injury to another; 2) intentionally or knowingly threatening another with imminent bodily injury; and/or 3) intentionally or knowingly causing physical contact with another with knowledge or reasonable belief that the other will regard the contact as offensive or provocative. But such conduct – any one or more of those three types of conduct – provides a basis <u>for only one cognizable claim or cause of action ("Assault" or, alternatively, "Assault and Battery"</u>); it does not provide a basis for an "assault" claim and a separate and distinct "battery" claim.

8.      Plaintiff has improperly sought to advance <u>two</u> separate and distinct claims/causes of action in Counts I and II of the Corrected Complaint, based on alleged conduct that, however parsed or aggregated, supports only one cognizable claim or cause of action (properly styled as either "Assault" or "Assault and Battery").

9.      Beyond that, Plaintiff seeks to base his purported "battery" claim (Count I), at least in part, on allegations that Defendant "intended to cause a harmful or offensive contact" with Plaintiff and "a harmful contact with [Plaintiff] resulted." Corrected Complaint, ECF Doc. No. 2, at ¶76. "Assault and Battery" as recognized under Texas law requires an allegation and ultimately proof of *actual physical contact*, with the Plaintiff, caused by the Defendant. <u>There is no such *physical* contact alleged in the Corrected Complaint</u>. There is merely an allegation of a "tweet" allegedly posted on or to Twitter by Defendant (while allegedly in Maryland), which was allegedly viewed some time later by Plaintiff (while he was allegedly in Texas). Those allegations, however construed (and when read with the other allegations of the Corrected Complaint), simply and plainly do not allege any "physical contact" with the Plaintiff's person, caused by the Defendant.

10.     Plaintiff suggests in his Response that Defendant (in moving for dismissal of Count I) "argues that ***direct*** physical contact between Plaintiff and Defendant is a requirement for alleging the 'offensive contact' form of [Assault]." Response, ECF Doc. No. 27, at p. 3. This is not Defendant's contention in his filed Motion or otherwise. Obviously, *indirect* physical contact – for example a bullet being shot from a defendant's gun; a rock being thrown by a defendant and striking the plaintiff; or a car being driven by a defendant into a plaintiff walking on the street – would support a claim for the "physical contact" variety of assault under Texas law. Such contact is not <u>directly</u> between the plaintiff and the defendant, but it is nevertheless

*physical contact* with a plaintiff, caused by a defendant. No such *physical contact* with Plaintiff Eichenwald, direct or indirect, caused by Defendant Rivello, is alleged in the Corrected Complaint, nor can it be alleged under the circumstances presented.

11.     Texas cases and other authorities, as cited by Plaintiff in his Response, involve some form of physical contact with the plaintiff and caused by the defendant, or are otherwise inapposite – e.g., *Fisher v. Carousel Motor Hotel, Inc.*, 424 S.W.2d 627 (Tex. 1967) (physical contact between object held by the defendant and plaintiff's body); Restatement (Second) of Torts, §18 (1965) (commenting that battery may arise when the actor throws a substance onto the body of another or pulls a chair out from under another). In *United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006), on which Plaintiff relies heavily in his Response, the Court addressed and discussed one particular variety of conduct constituting "assault" under the Texas Penal Code, specifically: intentionally, knowingly, or recklessly causing bodily injury to another. *United States v. Villegas-Hernandez*, 468 F.3d at 879-880 (*citing* Tex. Penal Code Ann. §22.01(a)(1)). That case provides no support, at all, for Plaintiff's apparent contention that the "physical contact" variety of "assault" (as recognized and defined under Tex. Penal Code Ann. §22.01(a)(3)) can arise without any actual or alleged *physical contact* with a plaintiff and caused by the defendant.

12.     Plaintiff relies in his Response on *United States v. Castleman*, 134 S. Ct. 1405 (2014). The Supreme Court in that case, in discussing what constitutes "force" for purposes of common law battery, held that administering of poison ingested by a victim, infecting a victim with a disease, or pointing a laser at a victim, may all fulfill such element of "force." But that case provides no support for the notion, as advanced by Plaintiff, that he can properly assert the "physical contact" variety of "assault" under Texas law (as recognized under Texas Penal Code

§22.01(a)(3)), in the absence of any allegation or proof of actual physical contact (with

Plaintiff's person and caused by Defendant).

13.     Plaintiff also relies in his Response on cases from other jurisdictions, including

Maryland. None of those cases concern Texas law; none of them involve a statute that is so clear

and specific (and narrowly-drawn) as the Texas Penal Code section which governs and defines

the limits of civil "assault" under Texas law. To assert a claim for the "physical contact" variety

of civil "assault" (as set forth under section 22.01(a)(3) of the Texas Penal Code), **there must be**

**allegations (and ultimately proof) of actual physical contact with Plaintiff, caused by**

**Defendant**. No such allegations are set forth in the Corrected Complaint, and none can be made

in connection with the circumstances and events generally alleged.

WHEREFORE, Defendant John Rivello respectfully asks this Honorable Court to

dismiss Counts I and IV of the Corrected Complaint, with prejudice.

Respectfully submitted,

By:          **/s/ Bruce F. Bright**
             Bruce F. Bright (Bar No. 27236)
             Ayres, Jenkins, Gordy & Almand, P.A.
             6200 Coastal Highway, Suite 200
             Ocean City, Maryland 21842
             Tel: 410-723-1400
             Fax: 410-723-1861
             E-mail: bbright@ajgalaw.com
             *Attorneys for Defendant John Rivello*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 4th day of May, 2018, a copy of the foregoing

Defendant John Rivello's Reply to Plaintiff's Response to Motion to Dismiss as to Counts I and

IV of Corrected Complaint was filed electronically through the Court's Electronic Case

Management and Filing System. All parties to this case are able to access the filing through this

system.


_____/s/ Bruce F. Bright_____
Bruce F. Bright