IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-01124-JKB |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant | ) | |

_____

**MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH
AND OBJECTION TO RECORDS
SUBPOENAS ISSUED BY PLAINTIFF**

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and pursuant to Rules 26(b)(1), 26(c), and 45, and hereby objects, and moves for a protective order and/or to quash, as to subpoenas issued by Plaintiffs in this case, and in support thereof, states as follows:

1. Based on what Plaintiff characterized as a compelling and urgent need to begin discovery in this case, by Order dated and entered March 6, 2018, this Honorable Court partially lifted the stay of the case and permitted third-party discovery by Plaintiff.

2. Defendant thereafter filed his Answer to the Complaint (on or about March 21, 2018), and Plaintiff took no discovery-related steps (contrary to their expressed urgent need to do so) for nearly two months.

3. On May 16, 2018, Plaintiff notified Defendant's counsel of his intention to serve records subpoenas on: PayPal Holdings Inc. (Exhibit A); Richard B. Spencer (Exhibit B); Google LLC (Exhibit C); Charles C. Johnson (Exhibit D); AT&T Inc (Exhibit E); and Twitter Inc. (Exhibit F) (collectively, "the Subpoenas").

4.   The Subpoenas are sweeping in their scope, seeking among other things: documents from PayPal (Exhibit A) – which has no known involvement in or connection to this case – concerning a purported "Rivello Legal Defense Fund" and contributions/contributors to same; documents from Richard B. Spencer (Exhibit B) – who has no known involvement in or connection to this case – including concerning contributions this person may have made to the purported "Rivello Legal Defense Fund" and purported communications between this person and Defendant; documents from Google LLC (Exhibit C) related to email addresses that bear no known relationship to this case; documents from Charles C. Johnson (Exhibit D) – who is apparently affiliated with a website known as "wesearchr.com" but has no known connection to or involvement with this case – concerning a purported "Rivello Legal Defense Fund" and "transfers of funds" from such Fund, and concerning communications with a "Becky Barnes," who has no known connection with or involvement in this case; documents from AT&T, Inc. (Exhibit E) concerning the father of Defendant (David Rivello); and documents from Twitter, Inc. (Exhibit F) concerning and related to a host of Twitter accounts having no known relationship to this case.

5.   The subpoenas and notices, as issued, go well beyond the allowable scope of discovery for this case, as contemplated by Rule 26(b)(1). The documents sought, for the most part, have no apparent relevance to the case and the discovery, at least on its face, is not proportional to the needs of the case, considering "the importance of the issues at stake in the action, the amount in controversy, the parties; relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

6. Plaintiff seems to be conducting some sort of "fishing expedition" for some unknown purpose or agenda, which the rules governing allowable discovery do not permit – he seeks phone records of Defendant's father; records related to a purported "legal defense fund" including contributions made to it, identities of contributors, and amounts disbursed from the purported fund; and records from or about non-party individuals having no known known connection to the underlying (alleged) facts of this case.

7. Under the circumstances including the apparent impropriety of the Subpoenas, in order to seek and obtain the subject discovery, Plaintiff should be called upon to demonstrate with some reasonable particularity that all of the records being sought are within the allowable scope of discovery, consistent with Rule 26.

8. Consistent with Rule 26(c)(1), and within the time constraints involved (production of the records to occur on June 4, 2018), Defendant's counsel hereby certifies that before filing this Motion he has attempted in good faith to confer with Plaintiff's counsel regarding the issues raised herein. *See* **Exhibit G**.

WHEREFORE, Defendant respectfully asks this Honorable Court to quash and/or issue a protective order in regard to the Subpoenas, quashing such Subpoenas as issued, in their entirety; or alternatively, that the Court suspend the discovery until such time that Plaintiff has demonstrated the propriety of the Subpoenas with reference to Rule 26(b)(1).

Respectfully submitted,

By: **/s/ Bruce F. Bright**
Bruce F. Bright (Bar No. 27236)
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
E-mail: bbright@ajgalaw.com

*Attorneys for Defendant John Rivello*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of May, 2018, a copy of the foregoing Motion for Protective Order and/or to Quash and Objection to Records Subpoenas Issued by Plaintiff (with Exhibits) was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system. I further CERTIFY that a copy of this Motion for Protective Order and/or to Quash and Objection to Records Subpoenas Issued by Plaintiff (with Exhibits) was served on the following by regular mail and Federal Express (overnight delivery): PayPal Holdings, Inc., 2211 North First Street, San Jose, California, 95131; Richard B. Spencer, 1001 King St., #A, Alexandria, VA, 22314; Google LLC, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833; Charles C. Johnson, 2770 Mesa Ave., Clovis, CA, 93611; AT&T Inc., 208 S. Akard St., 10th Floor, Dallas, TX, 75202; and Twitter, Inc., 1355 Market Street, Suite 900, San Francisco, CA, 94103.

                                               **/s/ Bruce F. Bright**
                                               Bruce F. Bright