IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KURT EICHENWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-cv-01124-JKB |
| v. | ) |
| | ) |
| JOHN RIVELLO | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S NOTICE OF SUBPOENA TO GOOGLE

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45 and as set forth in the attached subpoena, Plaintiff Kurt Eichenwald ("Plaintiff") requests that Google LLC produce the documents, including electronically stored information ("ESI"), and/or things described in the attached subpoena at the date and time listed thereon, and at the location listed thereon or another agreed-upon location.

Respectfully submitted,

Dated: May 16, 2018

/s/ Jennifer Maisel
Steven Lieberman
Jennifer B. Maisel (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W. – Suite 800
Washington, D.C. 20005
Tel: (202) 783-6040
Fax: (202) 783-6031
Email: slieberman@rfem.com
Email: jmaisel@rfem.com
*Attorneys for Plaintiff Kurt Eichenwald*

1



EXHIBIT C

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of May, 2018, a copy of the foregoing PLAINTIFF'S NOTICE OF SUBPEONA TO GOOGLE was served by e-mail upon the following counsel of record:

> Bruce F. Bright
> Mark Cropper
> Ayres, Jenkins, Gordy & Almand, P.A.
> 6200 Coastal Highway, Suite 200
> Ocean City, Maryland 21842
> Tel: 410-723-1400
> Fax: 410-723-1861
> Email: bbright@ajgalaw.com Email: mcropper@ajgalaw.com

                                                       /s/ Nasri V. B. Hage
                                                       Nasri V.B. Hage

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| Kurt Eichenwald | ) |
|---|---|
| *Plaintiff* | ) |
| v. | )  Civil Action No. 1:17-cv-01124-JKB |
| John Rivello | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Google LLC
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Those documents and things listed in Attachment A.

| Place: LJ Hart & Associates, Inc./Barron & Rich<br>900 Point West Way, Suite 277, Sacramento, CA 95815 | Date and Time:<br>06/04/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/16/2018

*CLERK OF COURT*

OR

_____    /s/ Jennifer Maisel
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kurt Eichenwald , who issues or requests this subpoena, are:
Jennifer Maisel, 607 14th St., NW, Suite 800, Washington DC, 20005; jmaisel@rfem.com; 202-783-6040

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-01124-JKB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-01124-JKB   Document 32-3   Filed 05/30/18   Page 5 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

## DEFINITIONS

1. "Google", "You," or "Your" means Google LLC, and its directors, officers, managers, members, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, as well as its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Google, and all predecessors and successors in interest to such entities.

2. "Plaintiff" means Kurt Eichenwald.

3. "Defendant" means John Rayne Rivello, who is, or has been, a resident of Salisbury, Maryland.

4. "iCloud-Associated Email" means the email address "jrrivello@gmail.com" and any associated accounts with that email address as it existed in 2016 through the present.

5. "Twitter-Associated Email" means the email address "ari.jew.gold@gmail.com" and any associated accounts with that email address as it existed in 2016 through the present.

6. "Document" and "Documents" are used in their broadest sense and mean, without limitation, all written, graphic, or otherwise recorded material, however produced, including, without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, drafts, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any

3

mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The term specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

7. "Person" and "Persons" refer to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

8. "Third Party" and "Third Parties" means any Person or Persons other than Plaintiff or Defendant.

9. "Communication" refers to any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including but not limited to electronic communications and electronic mail.

10. When used with reference to a Person, "Identify" or "Identification" means to state the person's name, present or last-known address, present or last-known telephone number, and present or last-known position and business affiliation. When used with reference to a Document, "Identify" or "Identification" means to state the Document's title and subject matter, form (e.g., letter, memo, etc.), date of preparation, author(s), addressee(s), recipient(s), and name of its present custodian, as well as, where available, the Document's Bates number. When used

with reference to a communication, "Identify" or "Identification" means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location. When used with reference to a device, system, product, or service, "Identify" or "Identification" means to state the name, part number, function, key features, list price, and first sale date of that device, product, system or service. When used with reference to agreements, including but not limited to licenses, "Identify" or "Identification" means to list the details of the agreement or assurance, including but not limited to the date, effective date, parties, third-party beneficiaries, and subject matter, as well as to describe verbatim any oral component.

11. "Relating to," "Relate to," "Referring to" and "Refer to" mean relating to, reflecting, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

12. "Include" and "Including" means including without limitation.

## INSTRUCTIONS

1. In responding to the following Requests, You shall furnish all information in your possession, custody, or control.

2. The singular form of a word should be interpreted in the plural as well. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The words "all," "any," and "each," shall each be construed as encompassing any and all.

5

3. If any request is considered by You to be ambiguous or unclear, Plaintiff requests that You contact and confer with the counsel listed on the first page of the Notice of Subpoena as soon as possible, so that the request can be clarified and unnecessary delays in providing for the production of documents and things can be avoided.

4. Regarding claims of attorney-client privilege, You must comply with the requirements of Rule 45(e)(2) of the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

1. All account information Related to the iCloud-Associated Email during the time period of 2016 through the present, including any associated accounts or devices, and including any changes made to the account information during this period.

2. All non-content records of Communications made by, or sent to, the iCloud-Associated Email during the time period of 2016 through the present.

3. All account information Related to the Twitter-Associated Email during the time period of 2016 through the present, including any associated accounts or devices, and including any changes made to the account information during this period.

4. All non-content records of Communications made by, or sent to, the Twitter-Associated Email during the time period of 2016 through the present.

5. All stored non-communication content which is Related to the iCloud-Associated Email.

6. All account information Related to any other account belonging to, or assigned to, Defendant during the time period of 2016 through the present, including any associated accounts or devices, and including any changes made to the account information during this period.

7. All non-content records of Communications made by, or sent to, any other account belonging to, or assigned to, Defendant during the time period of November 1, 2016 through the present.

8. All account information Related to the email address "saintobamasmomjeans@gmail.com" during the time period of 2016 through the present, including any associated accounts or devices, and including any changes made to the account information during this period.

9. All non-content records of Communications made by, or sent to, the "saintobamasmomjeans@gmail.com" account during the time period of 2017 through the present.

10. All login records of the "saintobamasmomjeans@gmail.com" account during March and April 2018.

11. All account information Related to the email address "caerulus.rex@gmail.com" during the time period of 2016 through the present, including any associated accounts or devices, and including any changes made to the account information during this period.

12. All non-content records of Communications made by, or sent to, the "caerulus.rex@gmail.com" account during the time period of 2017 through the present.