IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-01124-JKB |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
|     Defendant | ) | |

_____

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH
AND OBJECTION TO RECORDS
SUBPOENAS ISSUED BY PLAINTIFF**

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., pursuant to Rules 26(b)(1), 26(c), and 45, and hereby replies to the Response of Plaintiff to Defendant's previously-filed motion for a protective order and/or to quash, and states as follows:

1.  Defendant has filed his Motion under Rule 45 (seeking to quash the subject subpoenas) *and also under Rule 26* (objecting to and seeking a protective order as to the subject subpoenas).

2.  Plaintiff argues that: 1) Defendant lacks standing to challenge the subject subpoenas; 2) to properly challenge the subject subpoenas, Defendant must file motions in the jurisdictions where the subpoenas direct the production of records to occur (California, Texas, Virginia); and 3) in any event, the records being sought by subpoena are relevant to the case.

3.  Regardless whether Defendant has standing under Rule 45 to *move to quash* the subpoenas, as a party to the case, he clearly has standing under Rule 26 (and more particularly,

1

Rule 26(c)(1)) to seek a protective order; and he has brought his Motion under and pursuant to that Rule.[1] The limits of discovery as expressed in Rule 26 are applicable to non-party discovery conducted by means of Rule 45. *See* Advisory Committee Note regarding 1991amendments to Rule 45 ("non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34").

4. Rule 26(c)(1) makes clear that a party's motion for protective order as to challenged discovery, including discovery sought through third-party subpoenas, may be filed "in the court where the action is pending"; accordingly, this Court has jurisdiction over Defendant's Motion and it is properly filed in this forum.

5. Rule 26(c)(1) provides further that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[2] Discovery that Plaintiff seeks which goes beyond what is allowable under the Rules imposes clear burdens and expenses on Defendant, who must review the discovery, deal with it through motions *in limine*, explore and investigate its content and ramifications perhaps through further discovery measures, and otherwise respond to it becoming a part of the evidentiary record in this case. All of this impacts and burdens Defendant directly and materially.

6. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005). "However, under Rule 26(c) of the Federal Rules of Civil Procedure, '[a] *party* or any person from whom

---

[1] Rule 26(c)(1) provides expressly that "[a] party or any person from whom discovery is sought may move for a protective order . . ."

[2] The Committee Notes to Rule 26 provide that the Court and the parties to a case "have a collective responsibility to consider the proportionality of all discovery."

discovery is sought may move for a protective order in the court where the action is pending.'" *Fangman v. Genuine Title, LLC*, RDB-14-0081, 2016 WL 560483 (D. Md. Feb 12, 2016) (*quoting* Fed. R. Civ. P. 26(c) (2015) (emphasis added)). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including. . . forbidding the disclosure or discovery. . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

7. In *Fangman v. Genuine Title, LLC* and in *Sirpal v. Fengrong Wang*, No. WDQ-12-0365, 2012 WL 2880565 (D. Md. July 12, 2012), this Court has previously recognized that any party may challenge a third-party subpoena through a motion for a protective order under Rule 26. *Sirpal*, 2012 WL 2880565, at *4 n. 12 ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty. . . the court could construe the motion as one for a protective order, and consider the Rule 26 factors, including relevance, in deciding the motion.") (*citing Wash. V. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)). *See also HDSherer LLC v. Natural Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) (*quoting Singletary v. Sterling Transp. Co.* 289 F.R.D. 237, 239, 240 n. 2 (E.D. Va. 2012)) (holding that the defendant had standing to challenge non-party subpoenas under Rule 26, regardless of whether it had standing to bring a motion to quash under Rule 45).

8. Again, under Rule 26(b)(1), parties "may obtain discovery regarding any . . . matter that is relevant to any party's claim or defense." "Relevance" is construed broadly in the discovery context and is not limited to evidence that would be admissible in court. *See* Fed. R. Civ. P. 26(b)(1). The information need only "appear reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Subpoenas must seek only

information that is not "otherwise procurable by exercise of due diligence" and not overbroad (i.e., beyond the scope of allowable discovery under Rule 26). *United States v. McDonald,* 444 F. App'x 710, 711 (4th Cir. 2011) (*citing United States v. Nixon,* 418 U.S. 683, 699–700 (1974)). A subpoena is overbroad if it "does not limit the documents requested to subject matter relevant to the claims or defenses." *In re Subpoena Duces Tecum to AOL, LLC,* 550 F.Supp.2d 606, 612 (E.D. Va. 2008).

9. The scope of discovery allowed under a subpoena is the same (and no broader) as the scope of discovery allowed under Rule 26. Accordingly, whether reviewing and deciding Defendant's Motion under Rule 26 or under Rule 45, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b). *Allen v. TV One, LLC*, No. CV DKC 15-1960, 2016 WL 7157420, at *2 (D. Md. Dec. 8, 2016) (citing *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240–41 (E.D. Va. 2012), and *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (*per curiam*)).

10. The relevance to this case of what Plaintiff seeks through the subject subpoenas has, in large part, not been established sufficiently in Plaintiff's Response to permit such widely-ranging discovery at this juncture. It seems clear that Plaintiff seeks to utilize the discovery process in this case to identify targets for other purported cases Plaintiff apparently wishes to file and other purported charges Plaintiff apparently wishes to seek, against persons having no involvement in the narrow set of facts that are alleged in the Complaint.

11. The PayPal subpoena, the Richard B. Spencer subpoena, and the Charles C. Johnson subpoena seek records related to the "Rivello Legal Defense Fund,"[3] contributions/

---

[3] The "Rivello Legal Defense Fund" was apparently set up on-line, on the "Wesearchr.com" platform, without the involvement of any member of the Rivello family or Defendant's legal counsel, by a person identified on-line as "Becky Barnes." The Defendant's

contributors to same, and disbursements from such fund. Plaintiff argues that such records "are relevant to proving that Defendant acted as alleged in the Complaint and determining the identity of others with whom Defendant planned or communicated regarding his attack on [Plaintiff]." Response, ECF Document No. 36, at p. 6. The contributions to and disbursements from a legal defense fund purportedly established on the internet for the benefit of Defendant and established well after the allegedly wrongful conduct of Defendant is claimed to have occurred, bears no such relevance to the case. The lawsuit asserts three tort claims arising from one alleged "tweet," allegedly posted by Defendant Rivello. There are no other Defendants and no un-named "Doe" Defendants. There is no conspiracy claim or alleged conspiracy or alleged group of conspirators. There are no allegations of coordinated conduct by Defendant and others. There is no clearly-articulated basis or foundation advanced by Plaintiff for the notion (as set forth in his Response) that discovery of information and documents related to the "Rivello Legal Defense Fund" is proper, probative, relevant, or allowable under Rule 26.

12.    It should also be noted that, to the extent this "Rivello Legal Defense Fund" genuinely exists and holds funds contributed for the benefit of Defendant's legal defense, and to the extent that individuals wish for whatever reason to support Defendant through contributions to this or any other legal defense fund established for his benefit, permitting Plaintiff to obtain identities of contributors by subpoenas issued in this case, under the guise of discovery, may harm uninvolved contributors and drag them into Plaintiff's very public social media airing of this matter, while generating no probative evidence for the case.

---

father, David Rivello, has determined through inquiries that, purportedly, there are monies held in the purported fund for the benefit of Defendant and his legal defense. Although David Rivello has had some discussion with Wesearchr.com as to how the funds could be obtained, no funds from the purported legal defense fund have been disbursed to or for the benefit of Defendant. *See* **Exhibit A**, Affidavit of David Rivello.

13. Plaintiff has ongoing and acrimonious conflict – including through Twitter – with an individual identified as Richard Spencer, with whom Plaintiff apparently attended high school in Dallas, Texas. *See* **Exhibit B**. Plaintiff apparently believes that "friends of" Richard Spencer have "strobed" him, and he apparently believes without any material or credible basis that Richard Spencer had some involvement in the facts alleged in the Complaint. While Defendant has no interest in protecting Richard Spencer from having to respond to a subpoena in this case, Defendant does have a strong and compelling interest in maintaining appropriate limits to discovery in this narrowly-focused civil case. The Richard Spencer subpoena seeks, among other things, any and all documents he has (as a non-party having no clear connection to any underlying facts) "related to flashing strobe light," "related to epileptic seizures," concerning communications between him and the "Rivello Legal Defense Fund," and otherwise related to the "Rivello Legal Defense Fund" and "money, credit, or thing of monetary value provided" by him to the "Rivello Legal Defense Fund." None of this has been shown in any respect to be relevant to the case or "reasonably calculated to lead to the discovery of admissible evidence," based on what is alleged in the Complaint and set forth in the Response. Rather, it seems clearly calculated to advance the vendetta Plaintiff appears to have against someone having no demonstrated connection to this case (Mr. Spencer); and it seems clearly calculated to obtain identities of people who may have contributed to the "Rivello Legal Defense," for reasons that are not clear. This is, as Defendant has previously argued, some kind of "fishing" in which Plaintiff seeks to engage, and Rule 26 simply does not authorize discovery of that type.

14. In his subpoena served on AT&T, Plaintiff seeks (among other things) "all account information Related to any phone number belonging to, or assigned to, David Rivello, during the time period of 2016 to the present." The only purported relevance of such records,

according to Plaintiff in his Response, is that "Defendant lives with his parents and was arrested at the home of his parents." Response, ECF Document No. 36, at p. 10. First, this is inaccurate. As David Rivello states in his attached Affidavit (**Exhibit A**): "my son was not living with me at the time of his arrest or at the time of the conduct alleged by Plaintiff in his Complaint. He was living at a house which I own with my wife (in Salisbury, Maryland), but not with me. At no relevant time was there any phone service ("land-line") at that house. My son lived with us, in our home, for a period of time after his arrest and as a condition of his release; he was not permitted to use a phone (again, as a condition of his release) for some period of time after his release." No proper grounds have been advanced for obtaining the phone records of Defendant's father.

15.     Again, Defendant has standing to object to Plaintiff's attempts, by means of subpoenas served on non-parties or otherwise, to broaden discovery beyond what Rule 26 contemplates and permits. Defendant may do so in this Court, as he has under and pursuant to Rule 26, to advance the interests of fairness and substantial justice and to protect himself from "annoyance, embarrassment, oppression, or undue burden or expense." The discovery that is at issue here, to a large extent, exceeds the limits of Rule 26 and thereby improperly burdens and creates expense for Defendant as a party to the case, who is obliged to review the discovery, deal with it through motions *in limine*, explore and investigate its content and ramifications (perhaps through further discovery measures), and otherwise respond to it becoming part of the evidentiary record in this case.

WHEREFORE, Defendant respectfully asks this Honorable Court to quash and/or issue a protective order in regard to the Subpoenas.

>Respectfully submitted,
>
>By: **/s/ Bruce F. Bright**
>Bruce F. Bright (Bar No. 27236)
>Ayres, Jenkins, Gordy & Almand, P.A.
>6200 Coastal Highway, Suite 200
>Ocean City, Maryland 21842
>Tel: 410-723-1400
>Fax: 410-723-1861
>E-mail: bbright@ajgalaw.com
>*Attorneys for Defendant John Rivello*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 15th day of June, 2018, a copy of the foregoing Reply to Response to Motion for Protective Order and/or to Quash and Objection to Records Subpoenas Issued by Plaintiff (with Exhibits) was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system. I further CERTIFY that a copy of this Reply to Response to Motion for Protective Order and/or to Quash and Objection to Records Subpoenas Issued by Plaintiff (with Exhibits) was served on the following by regular mail: PayPal Holdings, Inc., 2211 North First Street, San Jose, California, 95131; Richard B. Spencer, 1001 King St., #A, Alexandria, VA, 22314; Google LLC, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833; Charles C. Johnson, 2770 Mesa Ave., Clovis, CA, 93611; AT&T Inc., 208 S. Akard St., 10th Floor, Dallas, TX, 75202; and Twitter, Inc., 1355 Market Street, Suite 900, San Francisco, CA, 94103.

>**/s/ Bruce F. Bright**
>Bruce F. Bright