IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| KURT EICHENWALD, | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | |
| | * | CIVIL NO.  JKB-17-1124 |
| JOHN RIVELLO, | | |
| | * | |
| | | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff Kurt Eichenwald brought this lawsuit against Defendant John Rivello in November of 2017, alleging that Defendant intentionally harmed him by means of a strobe-light image sent to his Twitter account which allegedly caused him to have a seizure.  (*See* Compl., ECF No. 2.)  The Court stayed proceedings as a related criminal case progressed in Texas, but then partially lifted the stay and permitted third-party discovery.  Plaintiff subpoenaed several third-parties, and Defendant has moved for a protective order "and/or to quash" those subpoenas. (Mot. Quash, ECF No. 32.)  That motion is fully briefed and ripe.  (*See* Opp'n, ECF No. 36; Reply, ECF No. 38.)  There is no need to hold a hearing to resolve the matter.  *See* Local Rule 105.6 (D. Md. 2016).   Defendant does not have standing to challenge these third-party subpoenas, and therefore his motion will be DENIED.

### I.    *Background*

The following facts are alleged in Plaintiff's complaint:  Plaintiff is a well-known journalist who was critical of then-candidate Donald Trump during the 2016 election.  He also has epilepsy and has been public regarding his epilepsy.  On December 15, 2016, Defendant sent

Plaintiff, via Twitter, a strobing Graphic Interchange Format image ("the strobe GIF") that was intended to cause Plaintiff to have a seizure and did cause Plaintiff to have a seizure.   In response, Plaintiff has sued Defendant for battery, assault, and intentional infliction of emotional distress.[1]

Defendant's alleged actions also resulted in a criminal prosecution against him in Texas (Plaintiff is a Texas resident, and allegedly viewed the strobe GIF and suffered the seizure in Texas).   As a result of the ongoing criminal matter, the Court stayed proceedings in this civil case.   (*See* Paperless Order, ECF No. 20.)   The Court then partially lifted the stay, ordered Defendant to respond to Plaintiff's complaint and permitted Plaintiff to begin third-party discovery under certain conditions.   (*See* Order Partially Lifting Stay, ECF No. 24.)

Subsequent to that order, the Court partially granted and partially denied a motion to dismiss brought by Defendant, and Plaintiff commenced third-party discovery.   He subpoenaed seven third-parties:   PayPal Holdings, Inc., Richard B. Spencer, Google LLC, Charles C. Johnson, AT&T, Inc., Twitter, Inc., and Apple, Inc.   Plaintiff seeks a variety of information from these third-parties, but these subpoenas primarily seek information relating to a purported "Rivello Legal Defense Fund," possible contributions to this purported fund, and statements third-parties may have made about the alleged strobe GIF assault.   (*See* Subpoenas, Mot. Quash Exs. A-F, ECF Nos. 32-1 through 32-6.)

Defendant now seeks to quash all but one of these subpoenas.[2]   (He styles his motion as one for a "protective order and/or to quash," but the Court will refer to the motion as a motion to quash, as the outcome Defendant seeks is to quash these subpoenas in their entirety, not prevent

---

[1] By consent of the parties, the Court dismissed a fourth cause of action in an earlier order.  (*See* Order Granting in Part and Denying in Part Motion to Dismiss, ECF No. 35.)

[2] According to Plaintiff, his notice of his subpoena of Apple, Inc., was provided to Defendant after Defendant filed the motion to quash.  (*See* Opp'n at 2.)  Defendant did not make an additional motion to quash this subpoena, or note in his reply that he wishes to quash this subpoena.

the disclosure of certain types of information that these subpoenas seek.)  Defendant's motion to quash is ripe for review.

## II.   *Discussion*

"A party generally lacks standing to challenge a subpoena issued to a third-party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.  A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested."  *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) (internal citations omitted); *accord In re Grand Jury Subpoena:  John Doe, No. 05GJ1318*, 584 F.3d 175, 184 n. 14 (4th Cir. 2009) (noting that a party "lack[ed] standing to seek to quash a subpoena for documents over which he [had] no valid . . . claim [of privilege]"); *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 554 (D. Md. 2012) ) ("As a general principle, [a] party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." (internal quotation marks omitted)).  This general rule applies whenever a party challenges a subpoena, including when the party challenges a subpoena on the ground that it seeks irrelevant information.  *See Clayton Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980 ("Underscoring the inappropriateness of the defendant's relevancy objection is his lack of standing to challenge this subpoena.").

The Court has found no cases, and the parties have provided none, that depart from this general rule—that a party lacks standing to challenge a subpoena issued to a third-party except when the party has some interest (personal, proprietary, privilege, or so forth) in the information sought.  Both parties cite a recent unpublished decision from a different judge in this Court as providing an exception to the general rule, but they misread that decision.  *See Fangman v.*

*Genuine Title, LLC*, Civ. No. RDB-14-0081, 2016 WL 560483 (D. Md. Feb. 12, 2016).   In *Fangman*, the defendants challenged a subpoena issued to a third-party.  *Id.* at *2.  The plaintiffs argued that the defendants did not have standing to challenge the subpoenas, but the defendants argued that "the records [sought by the subpoena] contain . . . specific information . . . that is protected by the Graham Leach Bliley Act [and] contain[ed] confidential loan records of the [defendants] themselves."  *Id.* at *3 (internal quotation marks and citations omitted).  For those reasons, the court held that the defendants had standing to challenge the subpoenas.  *See id.* *Fangman*, then, does not depart from the general rule that a party does not have standing to challenge a subpoena issued to a third-party unless the party challenging the subpoena "claims some personal right or privilege in the information sought by the subpoena."  *CineTel Films*, 853 F. Supp. 2d at 554.  The defendants in *Fangman had* (or at least argued that they possessed) a "personal right or privilege in the information sought by the subpoena":  they argued it was protected by law, and contained their own confidential information.

Defendant makes no argument that he has a personal right or privilege in any of the information sought, and therefore he lacks standing to challenge these subpoenas.

Even if Defendant had standing, and the Court considered Defendant's motion under Rule 26(c), *see Fangman*, 2016 WL 560483, at *3 ("[A] party may challenge a third party subpoena through a motion for a protective order."), his motion would still be denied.  Defendant does not explain how these subpoenas will result in "annoyance, embarrassment, oppression, or [an] undue burden or expense" *to him*.  *See* Fed. R. Civ. P. 26(c)(1).  Defendant argues against these subpoenas on behalf of persons who may have contributed to the purported "Rivello Legal Defense Fund" and may not wish to be outed as contributors.  (Reply at 5.)  He argues against these subpoenas on behalf of Richard Spencer.  (*Id.* at 6.)  He argues against these subpoenas on

4

behalf of his father.  (*Id.* at 7.)  He does not, however, argue against these subpoenas on behalf of himself.  And that is why his motion will be denied:  having put forth no reason that *he* has a right or interest in the information sought, or that *he* will be burdened, embarrassed or inconvenienced in any way by this information, Plaintiff has failed to establish standing or carry his burden under Rule 26(c).

### III.      *Conclusion*

For the reasons stated above, Defendant's motion for a protective order and/or to quash is DENIED.

DATED this 5th day of July, 2018.

BY THE COURT:


_____/s/_____
James K. Bredar
Chief Judge