IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-cv-01124-JKB |
| v. | ) | |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF KURT EICHENWALD'S MOTION FOR A PARTIAL LIFTING OF
THE STAY OF THE PROCEEDING PENDING RESOLUTION OF A
<u>RELATED CRIMINAL CASE</u>**

Plaintiff Kurt Eichenwald ("Plaintiff"), for the reasons set forth in the accompanying

Memorandum, hereby respectfully requests that the Court partially lift the stay in this action to

allow Plaintiff to seek from Defendant John Rivello ("Defendant") documents and

communications Defendant has received from or provided to government entities in the related

criminal proceedings as stated in Plaintiff's First Set of Requests for Production of Documents

and Things to John Rivello attached as Exhibit A.

Respectfully submitted,

Dated: <u>October 11, 2018</u>

<u>/s/ Steven Lieberman</u>
Steven Lieberman
Jennifer B. Maisel (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK,
P.C.
607 14th Street, N.W. – Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: slieberman@rfem.com
Email: jmaisel@rfem.com
*Attorneys for Plaintiff Kurt Eichenwald*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of October, 2018, a copy of the foregoing PLAINTIFF KURT EICHENWALD'S MOTION FOR A PARTIAL LIFTING OF THE STAY OF THE PROCEEDING PENDING RESOLUTION OF A RELATED CRIMINAL CASE was filed electronically through the Court's Electronic Case Management and Filing System.  All parties to this case are able to access the filing through this system.


/s/ *Jennifer Maisel*_____
Jennifer B. Maisel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

KURT EICHENWALD,          )
                             )
     Plaintiff,         )
                             )   C.A. No. 17-cv-01124-JKB
     v.                )
                             )
JOHN RIVELLO        )
                             )
     Defendant.      )
                             )

**PLAINTIFF KURT EICHENWALD'S MEMORANDUM IN SUPPORT OF MOTION
FOR A PARTIAL LIFTING OF THE STAY OF THE PROCEEDING PENDING
RESOLUTION OF A RELATED CRIMINAL CASE**

Plaintiff Kurt Eichenwald ("Plaintiff") hereby respectfully requests that the Court

partially lift the stay in this action to allow Plaintiff to seek from Defendant John Rivello

("Defendant") documents and communications Defendant has received from or provided to

government entities in the related criminal proceedings as stated in Plaintiff's First Set of

Requests for Production of Documents and Things to John Rivello attached as Exhibit A.

## INTRODUCTION

On April 24, 2017, Mr. Eichenwald filed his Complaint in this proceeding against

Defendant.  (Dkt. 2).  This Court stayed this proceeding on August 28, 2017, pending resolution

of related federal and state criminal cases.  (Dkt. 20).  On March 6, 2018, with the state criminal

case still pending, this Court ordered that its stay be partially lifted for good and important

reasons, such that Plaintiff could begin conducting third-party discovery following the filing of

an answer to the Complaint by Defendant.  (Dkt. 24).

1

Since that time, Plaintiff has proceeded with third-party discovery and obtained evidence pertaining to Defendant's Google, Twitter, AT&T, and Apple accounts.  But in view of the restrictions of the Stored Communications Act, 18 U.S.C. § 2702(a)(1), Plaintiff has been unable to obtain from the third-party service providers the *contents* of Defendant's communications leading up to and following the attack on Mr. Eichenwald.  In a status conference with this Court on August 31, 2018, counsel for Mr. Eichenwald notified the Court that it may seek a limited modification to the stay in order to obtain such important communications directly from Defendant.  Maisel Decl. at ¶2.  The Court stated that such a modification would be considered in the context of scrupulously protecting Defendant's Fifth Amendment right against self-incrimination, but that it also recognized the costs of the current stay order, including that information is growing stale.  *Id.* at ¶3.  Counsel for Plaintiff reached out to counsel for Defendant regarding an agreement to partially lift the stay later that day.  *Id.* at ¶¶4-5, Ex. 1.

Specifically, Plaintiff requested that Mr. Rivello consent to a limited cutout of the existing stay order permitting service of a Rule 34 request for one or both of the following:

1. documents constituting or reflecting communications (including social media messages) referring or relating to Mr. Eichenwald, that have been provided to Mr. Rivello or his counsel by either the state or federal prosecutors/law enforcement authorities; and
2. documents constituting or reflecting Twitter communications referring or relating to Mr. Eichenwald during the time period August 2016 through March 2017.

*Id.*, at ¶5, Ex. 1.  Plaintiff's proposal also specifically stated that:

We would agree that Mr. Rivello's production of the documents in categories 1 and 2 above and his provision of the requested consent would not constitute an admission as to either the authenticity of the documents (other than that with respect to category 1 that the documents were provided to Mr. Rivello by the prosecutors) or that the documents came from or relate to an account/telephone number associated with Mr. Rivello.

2

*Id.* Defendant did not respond to Plaintiff's proposal, and upon prompting by a follow-up resent on October 4, 2018, counsel for Defendant stated that he "will follow up with you by mid-week next week." *Id.* at ¶7-8, Ex. 2. That time has now passed. *Id.* at ¶9.

In adherence with this Court's concern that Defendant's Fifth Amendment rights be scrupulously protected, and following additional research to ensure that the proposed narrow cutout of the stay order would allow for such protection, Mr. Eichenwald's request has been further narrowed to only seek documents already exchanged between Defendant and government actors, without requiring that Defendant provide any analysis or otherwise reveal "the contents of his own mind."

In light of the absence of any agreement, and in recognition of Mr. Eichenwald's rights to fully and timely prosecute this action, Mr. Eichenwald requests that this Court partially lift its stay of this action to allow Plaintiff to seek from Defendant the following documents:

> 1.      All Documents constituting or reflecting Communications, including Social Media Messages, that have been provided to You or Your counsel by state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

> 2.      All Documents constituting or reflecting Communications, including Social Media Messages, that You or Your counsel have provided to state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

as reflected in the proposed Requests for Production attached hereto as Exhibit A. That is, the document requests that Mr. Eichenwald proposes to serve ask only for the production of a narrow category of documents that have either already been provided to Mr. Rivello by the government or provided by Mr. Rivello to the government. As such, and as established in the arguments set forth in Section I below, Mr. Rivello's Fifth Amendment rights are not implicated by the narrow requested modification to the stay.

3

**ARGUMENT**

**I.     THERE ARE NO FIFTH AMENDMENT IMPLICATIONS FOR THE NARROW REQUESTED MODIFICATIONS**

The Supreme Court has explained that the privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (quoting *Fisher v. United States*, 425 U.S. 391, 409 (1976)).  The Supreme Court has also explained that "there is a significant difference between the use of compulsion to extort communications from a defendant and compelling a person to engage in conduct that may be incriminating."  *United States v. Hubbell*, 530 U.S. 27, 34-35 (2000).  As such, a court may compel production of documents that may contain incriminating assertions because "the creation of those documents was not 'compelled' within the meaning of the privilege," *id.* at 35–36, but the very act of producing documents may have a compelled testimonial aspect, such as an implicit admission "that the papers existed, were in his possession or control, and were authentic," *id.* at 36. Privilege may be implicated if the communicated information may "lead to incriminating evidence."  *Id.* at 38.  However, compliance with a request for production will not implicate the privilege where the compliance "adds little or nothing to the sum total of the Government's information."  *Fisher*, 425 U.S. at 411.  This concept, sometimes discussed in the "foregone conclusion" doctrine, states that:

> [A]n act of production is not testimonial—even if the act conveys a fact regarding the existence or location, possession, or authenticity of the subpoenaed materials—if the Government can show with "reasonable particularity" that, at the time it sought to compel the act of production, it already knew of the materials.

*In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1346 (11th Cir. 2012).

4

Here, Plaintiff's proposed modification to the stay provides for the production of documents and electronically stored information in Mr. Rivello's possession, custody, or control which were produced by or otherwise made available to Mr. Rivello by the government or given from Mr. Rivello into the possession of the government as a result of the criminal proceedings. *See* Exhibit A.  As a result, neither of the requested discovery requests implicates the Fifth Amendment because any testimony implicit to the production of such discovery is not communication that may lead to incriminating evidence.  Further, and more fundamentally, neither any testimony implicit to the production nor the content of the discovery itself adds anything to the government's information.  Moreover, Plaintiff is willing to agree that Mr. Rivello's production would not constitute an admission as to the authenticity of the documents (other than that with respect to Request for Production #1 that the documents were provided to Mr. Rivello by the prosecutors).

Specifically as to the first request for documents received from the government, production as a result of the request will reveal only that Mr. Rivello received documents from the government during criminal proceedings.  Any information conveyed would relate only to the documents existing, being delivered into his possession from the government, and being from the government in origin.  None of this information would incriminate Mr. Rivello in any way. By virtue of the government being the agent by which Mr. Rivello came into the possession of the documents, any related fact disclosed by the production would necessarily be known by the government, and as such would not be testimonial under the foregone conclusion doctrine. Further, there is no potential implication stemming from these documents being in Mr. Rivello's possession prior to receiving them from the government.  Finally, the request was crafted such that there is no analysis required (*i.e.* to identify specific documents related to a topic or subject

matter) that would have Mr. Rivello reveal or make use of "the contents of his own mind" in order to comply with the request. *See Hubbel*, 530 U.S. at 43; *Fisher*, 425 U.S. at 412-413.

As to the second request for documents given from Mr. Rivello to the government, a potential additional implication is that communication implied by the existence of the documents or Mr. Rivello's possession or control of them.  However, these specific implications—existence and possession—are discussed by the foregone conclusion doctrine to not be testimonial if the government already knows of the materials. Here, where the government is already in possession of any such materials and already aware that it received them from Defendant, an act of production in compliance with the request will convey information necessarily already known to the government. That is, any implication of Mr. Rivello's Fifth Amendment rights would add "nothing to the sum total of the Government's information." *Fisher*, 425 U.S. at 411.  And as with the first request, no analysis as to topic or subject matter is required in order to comply with the second request as well.

## II.    THE COURT HAS AUTHORITY TO MODIFY THE STAY AND SHOULD DO SO TO AVOID INCREASING PREJUDICE TO PLAINTIFF

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  Such discretion requires a court to "weigh competing interests and maintain an even balance." *Id.* at 254–55.  Courts routinely structure a stay of proceedings in a manner to avoid undue prejudice. *See, e.g.*, *Landis*, 299 U.S. at 257  (advising that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description."); *Am. Home Assur. Co. v. Vecco Concrete Const. Co. of Virginia*, 629 F.2d 961, 964 (4th Cir. 1980) ("To assure that the

stay of all proceedings requested by Vecco will not prejudice American Home, Vecco shall be required to give bond in an amount sufficient to save American Home harmless pending the stay."); *Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 5673067, at *5 (D. Md. Sept. 23, 2015) (granting motion to stay, except with respect to certain categories of discovery, including discovery from third-parties).  A court may modify or otherwise operate within a stay it has ordered of its own proceedings however circumstances require.  *Wilimek v. Danker*, 671 N.W.2d 25, 27 (Iowa 2003); *Gores v. Rosenthal*, 169 A.2d 639, 640 (Conn. 1961); *Henry v. Stewart*, 454 P.2d 7, 11 (Kan. 1969); 1A C.J.S. Actions § 316.

As already revealed by the limited publicly-available evidence from the federal criminal proceeding, Mr. Rivello harmed Mr. Eichenwald and communicated his intention to harm Mr. Eichenwald with one or more third parties using Twitter.  *See, e.g.*, Compl. at ¶ 60 (describing message Mr. Rivello sent to third party stating "let's see if he dies").  The state criminal proceeding has been under way for roughly 18 months with discovery ongoing.  Maisel Decl. at ¶6.  At this time, Mr. Rivello (including his attorneys) has likely been provided access to evidence obtained by the government (including, but not limited to, the prosecution in the state or federal criminal proceedings), including the above referenced Twitter communications and potentially other communications.

Plaintiff is prejudiced by the delay in accessing such discovery because, *inter alia*, (i) Defendant has been able to review key evidence and develop his own theories and strategies to address it, and (ii) such communications may lead to the discovery of additional third parties from whom relevant information may be sought under the allowable scope of discovery of the stay as it currently exists. This prejudice only grows over time as memory and documentary evidence degrades. Access to such important communications, which would otherwise be

discoverable if a stay had not been entered in this case, is necessary for Mr. Eichenwald to fully

prosecute this action, and therefore access to the communications should be granted.

As such, for similar reasons as those that were argued to this Court allowing third-party

discovery to take place during this stay, the Court should modify the stay to allow for the limited

discovery from Defendant as stated in the attached requests for production. *See* Exhibit A.

## CONCLUSION

For the foregoing reasons, Mr. Eichenwald respectfully requests that the Court enter the

proposed order attached hereto.

Respectfully submitted,

Dated: <u>October 11, 2018</u>

<u>/s/ *Steven Lieberman*         </u>
Steven Lieberman
Jennifer B. Maisel (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK,
P.C.
607 14th Street, N.W. – Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: slieberman@rfem.com
Email: jmaisel@rfem.com
*Attorneys for Plaintiff Kurt Eichenwald*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 11th day of October, 2018, a copy of the foregoing PLAINTIFF KURT EICHENWALD'S MEMORANDUM IN SUPPORT OF MOTION TO PARTIALLY LIFT THE STAY OF THE PROCEEDING PENDING RESOLUTION OF A RELATED CRIMINAL CASE was filed electronically through the Court's Electronic Case Management and Filing System.  All parties to this case are able to access the filing through this system.

*/s/Jennifer Maisel*
Jennifer B. Maisel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

KURT EICHENWALD,              )
                                    )
      Plaintiff,             )
                                    )   C.A. No. 17-cv-01124-JKB
      v.                     )
                                    )
JOHN RIVELLO             )
                                    )
      Defendant.         )
                                    )

**[PROPOSED] ORDER TO PARTIALLY LIFT THE STAY OF THE PROCEEDING PENDING RESOLUTION OF A RELATED CRIMINAL CASE**

This Court stayed this proceeding on August 28, 2017, pending resolution of related criminal cases (both state and federal). While the state prosecution in Dallas County, Texas, Indictment No. F1700215, against Defendant for "aggravated assault with a deadly weapon" under Texas Penal Code 22.02(a)(2) was still pending, this Court entered an order on March 6, 2018, that, for good and important reasons advanced by Plaintiff in a telephonic conference with counsel, that Plaintiff be allowed to begin conducting third-party discovery upon Defendant's filing of an answer to the Complaint.  (Dkt 24).

Now before this Court is Plaintiff Kurt Eichenwald's Motion for a Partial Lifting of the Stay of the Proceeding Pending Resolution of a Related Criminal Case ("Motion"). Upon consideration of the papers filed in this matter, the Court GRANTS the Motion. Therefore, this Court ORDERS as follows:

1. Plaintiff may serve on Defendant Plaintiff's First Set of Requests for Production of Documents and Things attached as Exhibit A to Plaintiff's Motion (the "Requests").

1

2. Defendant shall respond to and produce documents responsive to the Requests within thirty days of service of the Requests.

SO ORDERED this _____ day of _____, 2018.

BY THE COURT:

_____