# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KURT EICHENWALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 17-cv-01124-JKB |
| v. ) | |
| ) | |
| JOHN RIVELLO ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO JOHN RIVELLO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Kurt Eichenwald ("Plaintiff"), by his undersigned counsel, hereby requests that Defendant John Rivello ("Defendant") respond to each request set forth below and produce all documents, ESI and things at the offices of Rothwell, Figg, Ernst & Manbeck, 607 14th Street, N.W., Suite 800, Washington, D.C. 20005, within 30 days of service of these document requests.

**DOCUMENTS REQUESTED**

1.      All Documents constituting or reflecting Communications, including Social Media Messages, that have been provided to You or Your counsel by state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

2.      All Documents constituting or reflecting Communications, including Social Media Messages, that You or Your counsel have provided to state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

**DEFINITIONS**

1.      "John R. Rivello", "You," "Your," or "Defendant" means John Rayne Rivello and any other legal entities, whether foreign or domestic, that are owned or controlled by John Rayne Rivello, and all predecessors and successors in interest to such entities.

2.      "Plaintiff" means Kurt Eichenwald.

3.      "Rivello Criminal Proceedings" means the state prosecution of *Texas v. Rivello* in Dallas County, Texas, Indictment No. F1700215 and the federal matters in *United States v. Rivello*, No. 3:17-mj-00192 (N.D. Tex.) and *United States v. Rivello*, 1:17-mj-00845 (D. Md.).

4.      "Social Media Messages" means any information shared with one or more parties over a social media website or service, including but not limited to posts, tweets, messages, direct messages, and group messages made using the Twitter Inc. social networking service.

5.      "Document" and "Documents" are used in their broadest sense and mean, without limitation, all written, graphic, or otherwise recorded material, however produced, including, without limitation, microfilms or other film records or impressions, electronically stored information regardless of the form of storage medium, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books,

records, accounts, communications, letters, telegrams, correspondence, drafts, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including email, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The term specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

6. "Person" and "Persons" refer to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, including governmental bodies and agencies.

7. "Third Party" and "Third Parties" means any Person or Persons other than Plaintiff or Defendant.

8. "Communication" refers to any transmission, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, or question by any medium, whether by written, oral, or other means, including but not limited to electronic communications and electronic mail.

9. When used with reference to a Person, "Identify" or "Identification" means to state the person's name, present or last-known address, present or last-known telephone number, and present or last-known position and business affiliation. When used with reference to a

Document, "Identify" or "Identification" means to state the Document's title and subject matter, form (e.g., letter, memo, etc.), date of preparation, author(s), addressee(s), recipient(s), and name of its present custodian, as well as, where available, the Document's Bates number. When used with reference to a communication, "Identify" or "Identification" means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location. When used with reference to a device, system, product, or service, "Identify" or "Identification" means to state the name, part number, function, key features, list price, and first sale date of that device, product, system or service. When used with reference to agreements, including but not limited to licenses, "Identify" or "Identification" means to list the details of the agreement or assurance, including but not limited to the date, effective date, parties, third-party beneficiaries, and subject matter, as well as to describe verbatim any oral component.

10. "Relating to," "Relate to," "Referring to" and "Refer to" mean relating to, reflecting, referring to, concerning, mentioning, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

11. "Include" and "Including" means including without limitation.

**INSTRUCTIONS**

1. In responding to the following Requests, You shall furnish all information in your possession, custody, or control.

2. The singular form of a word should be interpreted in the plural as well. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request

most inclusive. The words "all," "any," and "each," shall each be construed as encompassing any and all.

3.      If any request is considered by You to be ambiguous or unclear, Plaintiff requests that You contact and confer with counsel for Plaintiff as soon as possible, so that the request can be clarified and unnecessary delays in providing for the production of documents and things can be avoided.

4.      Regarding claims of attorney-client privilege, You must comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: October 11, 2018                    /s/ Steven Lieberman
               Steven Lieberman
               Jennifer B. Maisel (admitted *pro hac vice*)
               ROTHWELL, FIGG, ERNST & MANBECK, P.C.
               607 14th Street, N.W. – Suite 800
               Washington, D.C.  20005
               Tel:  (202) 783-6040
               Fax:  (202) 783-6031
               Email: slieberman@rfem.com
               Email: jmaisel@rfem.com
               *Attorneys for Plaintiff Kurt Eichenwald*