IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. JKB-17-01124 |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant | ) | |

_____

# DEFENDANT JOHN RIVELLO'S MEMORANDUM IN SUPPORT OF RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby responds to and opposes the Motion for a Partial Lifting of the Stay of the Proceeding Pending Resolution of a Related Criminal Case of Plaintiff KURT EICHENWALD ("Plaintiff" or "Eichenwald), and in support thereof states as follows:

## INTRODUCTION/BACKGROUND

This case has previously been stayed by the Court, based on the pendency of related criminal proceedings in Dallas County, Texas, against Defendant. The Court has previously partially lifted the stay, at Defendant's request, to allow Defendant to conduct third-party discovery. Plaintiff now seeks leave of this Honorable Court to serve certain requests for production of documents directly on Defendant, and he seeks a partial lifting of the stay in order to serve the requests. The document requests that Plaintiff seeks to serve are as follows:

1. All Documents constituting or reflecting Communications, including Social Media Messages, that have been provided to You or Your counsel by state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

2. All Documents constituting or reflecting Communications, including Social Media Messages, that You or Your counsel have provided to state or federal prosecutors or law enforcement authorities in the Rivello Criminal Proceedings.

Defendant hereby opposes Plaintiff's request, for the reasons advanced below.[1]

## ARGUMENT

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013). Accordingly, whether to grant or deny a motion to stay is within the discretion of the Court and depends upon the particular circumstances at issue. *Maryland v. Universal Elections, Inc.*, 729 F.3d at 375. It is well-settled that federal trial courts have "authority to stay civil proceedings pending resolution of criminal [cases]." *See Harbour Town Yacht Club Boat Slip Owners Ass'n v. Safe Berth Management, Inc.*, 411 F.Supp.2d 641, 643 (D.S.C. 2005); *In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D. Md. 1981).

I. **PLAINTIFF IMPROPERLY SEEKS TO OBTAIN THROUGH DISCOVERY IN THIS CASE WHAT HE APPARENTLY HAS NOT ATTEMPTED TO OBTAIN DIRECTLY FROM STATE AND FEDERAL PROSECUTORS IN THE RELATED CRIMINAL CASE.**

It is apparent from the nature and substance of the subject document requests that Plaintiff seeks to obtain through discovery to be served on Defendant in this (generally stayed) civil case what he and his counsel have been unable to obtain or unwilling to seek directly from

---

[1] Defendant is hereby opposing Plaintiff's motion seeking leave of this Court to serve on Defendant certain requests for production of documents and is asking the Court to deny such request for the reasons stated herein. Defendant reserves all his rights, in the event the Court grants or partially grants Plaintiff's request, to object to the document requests on proper grounds, move for a protective order as to the subject requests, and otherwise respond to the subject requests, when and if they are served on Defendant (or deemed served), as the Rules contemplate and permit.

2

prosecutors in the Texas criminal proceedings. The subject requests seek documents provided to Defendant and/or his legal counsel by state or federal prosecutors, and documents provided by Defendant and/or his legal counsel to state or federal prosecutors. Stated differently, Plaintiff seeks to obtain from Defendant documents that are directly related to and are a part of the criminal proceedings and/or investigation and would *all* be part of the investigative and other files of the criminal case prosecutors.

The primary source for such records, of course, would be the offices of the federal and/or state prosecutors that have handled and/or are handling the criminal proceedings (the federal criminal case, as this Court is aware, has been dismissed; the state criminal case is still pending in Dallas County, Texas). Conspicuously, Plaintiff makes no mention in his Motion of any attempt to obtain the subject records from the federal or state prosecutors or the outcome of any such attempt. To the extent that Plaintiff seeks records that are part of the criminal prosecutors' files, and are related to and arise from the ongoing Texas criminal case and investigation, Plaintiff and his counsel should be required to seek the records from the Texas prosecutors' office, by whatever means may be available under Texas law, in that jurisdiction, and according to the rules of that jurisdiction governing availability of criminal case records.

At minimum, and to the extent Plaintiff and his counsel have already taken unsuccessful steps to obtain the subject records from the Texas prosecutors' offices, this Court (and Defendant) should be made aware of this (and all the related details) before there can be any ruling on Plaintiff's request to create a further exception to the stay. Otherwise, Plaintiff and his counsel may be seeking by leave of this Honorable Court to obtain records they could not or cannot properly obtain directly from the Texas prosecutors' offices, for important reasons related

to the pending Texas criminal case, ongoing investigations within that case, and/or applicable Texas law, rules, or practices.

**II.     THE SUBJECT REQUESTS SEEK RECORDS THAT, EVEN IF IN THE POSSESSION OF DEFENDANT'S LEGAL COUNSEL IN THE CRIMINAL PROCEEDING, CANNOT BE DISCLOSED OR TURNED OVER AS A MATTER OF TEXAS LAW AND PROCEDURE TO ANY OTHER PERSONS, INCLUDING PLAINTIFF AND INCLUDING PURSUANT TO A DOCUMENT REQUEST SERVED IN THIS CASE.**

Defendant's legal counsel in the Texas criminal case, Matt Alford, has received certain records from the Dallas County prosecutor's office, as part of discovery in that ongoing case. With any such records received by Mr. Alford from the prosecutor, consistent with ordinary practice and applicable rules in that jurisdiction, he has executed a "Discovery Disclosure and Notice" (pursuant to Texas Code of Criminal Procedure Article 39.14), which states in pertinent part:

> By accepting these documents . . . the undersigned attorney should understand that the documents . . . provided shall be used for the purpose of defending his/her client in the above-entitled and numbered cause <u>and for no other purpose</u>. Thus, except as provided in Article 39.14 T.C.C.P., the defendant, the attorney representing the defendant, or an investigator, expert, consulting legal counsel, or other agent of the attorney representing the defendant <u>may not disclose to a third party any non-public documents, evidence, materials, or witness statements received from the state under Article 39.14 T.C.C.P. without a court order after notice and a hearing</u>.

*See* **Exhibit A**. A copy of the referenced Texas Code Article is attached hereto as **Exhibit B**.

To the extent that Plaintiff desires to obtain documents or information provided to Defendant's criminal defense counsel by the Texas prosecutor, plainly, Plaintiff must seek (from the Texas Court where the criminal case is pending) an Order allowing such disclosure; and in the absence of such an Order issued by that Court, Defendant and his legal counsel will not be in a position to lawfully or properly provide such records or information, even if they did not object

4

on other grounds.[2] Likewise, in the absence of such an Order issued by that Court, respectfully, this Honorable Court should not and cannot grant Plaintiff's Motion, or approve the proposed document requests.

**III. SINCE PLAINTIFF HEREIN SEEKS RECORDS PROVIDED BY THE PROSECUTOR'S OFFICE TO TEXAS DEFENSE COUNSEL, OR PROVIDED BY TEXAS DEFENSE COUNSEL TO THE PROSECUTOR, IN CONNECTION WITH THE ONGOING TEXAS CRIMINAL CASE, PLAINTIFF SHOULD SUBMIT A PUBLIC RECORD REQUEST OR SERVE A SUBPOENA IN TEXAS AND LITIGATE THE RESULTING DISCLOSURE ISSUES IN THAT JURISDICTION, WHICH WILL BE GOVERNED BY TEXAS LAW, SUBJECT TO THE JURISDICTION OF THAT COURT, AND WILL INVOLVE RECORDS IN WHICH THE TEXAS PROSECUTOR AND TEXAS DEFENSE COUNSEL HAVE A CLEAR AND DIRECT INTEREST.**

At this juncture – during the pendency of the criminal case – this is not the proper venue, proceeding, or Court to determine whether discovery provided by the Texas prosecutor to Defendant's Texas criminal defense attorney, or documents provided by Texas defense counsel to the prosecutor, should or can be disclosed in Maryland pursuant to a document request served in this civil proceeding. First, there is the strict limitation/condition imposed on Defendant and his counsel pursuant to the "Discovery Disclosure and Notice" (and Texas Code of Criminal Procedure Article 39.14), as discussed above (**Exhibit A**), and its clear instruction that an Order from the Texas Court presiding over the criminal case is a necessary predicate to any disclosure of records provided by the prosecutor to Defendant or his counsel.

More generally, there are the strictures under Texas law governing the proper scope and handling of a request to any government office or department – e.g., the Dallas County

---

[2] Again, at this point and in response to the Motion, Defendant does not necessarily advance each and every objection he may have to the subject document requests if they are served or deemed to be served after a ruling on the Plaintiff's Motion. Defendant narrowly advances herein his arguments against permitting an expansion of the partial lift of the stay – expanding it from third-party discovery to certain document requests served directly on Defendant – and he reserves all his rights, in the event the Court grants or partially grants Plaintiff's Motion, to object to the document requests on proper grounds, move for a protective order as to the subject requests, and otherwise respond to the subject requests, when and if they are served on Defendant (or deemed served), as the Rules contemplate and permit.

5

prosecutor's office – for disclosure of governmental records. A request by Plaintiff *of the same substance as his proposed document requests* in this case, submitted by Plaintiff to the Dallas County prosecutor, would be subject to applicable Texas law, including Texas Government Code Section 552.108(a)(1)-(2) (excepting from required public disclosure, under certain circumstances, records and information pertaining to ongoing criminal investigations and prosecutions) and other provisions of the "Open Government" Title of the Texas Government Code (e.g., Section 552.305, as to information involving privacy or property interests of third parties); such a request would be subject to the review and handling by the appropriate custodian of records in the Dallas County prosecutor's office; and any decision or action of such custodian in response to the request would be subject to appropriate administrative review or Court challenge in that jurisdiction. *See* Texas Government Code §552.221 (Application for Public Information), et seq.; §552.301 (Attorney General Decision); §552.321 (Civil Enforcement).

     Also, the attorney-client privilege and work product doctrine are implicated by the subject requests, as worded, and the Texas defense counsel having custody of records related to the criminal case is in the best (indeed, only) position to determine precisely how those protections bear on the requests, vis-à-vis his records, and under Texas law. A subpoena served on him in Texas, reviewable by a Texas court, is the appropriate mechanism under the circumstances for Plaintiff to attempt to obtain the records he seeks, in the face of a general stay of this case that is intended to protect Defendant's fundamental constitutional rights.

     Plaintiff purposefully seeks to avoid the path of a public record request, with or without a subpoena, to the Dallas County prosecutor, or a subpoena to the Texas criminal defense attorney, and the procedures, limitations, and privilege issues that would arise under Texas law or may be imposed by a Texas Court, including possibly the Court that presides over the pending (Texas)

criminal case. Plaintiff seeks essentially to accomplish an "end run" around all of that. He seeks to obtain a further expansion of the unilateral lift of stay that has already been granted in this case, further implicating and jeopardizing Defendant's fundamental constitutional rights under the 5th Amendment. He seeks, in effect, to exploit the fact that Defendant is actively engaged in a defense of the criminal case in Texas (and is obtaining discovery and communicating with the prosecutor's office in that proceeding), as a means of developing a record in this case and obtaining records and documents that he may not be able to obtain in Texas directly from the prosecutor's office or by means of a subpoena served on Defendant's Texas counsel (which, if challenged, would be litigated in Texas).

The records Plaintiff seeks herein *would not exist* in the possession of Defendant or his counsel, but for Defendant's active and constitutionally-protected defense of the pending criminal case. The more diligently Defendant and his Texas counsel defend and litigate the criminal case, in furtherance of his protected and fundamental constitutional rights, the more records there may be for Plaintiff to obtain via this type of discovery in this case; records which Plaintiff may never obtain if he sought to do so in Texas, pursuant to a subpoena or public record request served in Texas on the prosecutor's office or on Defendant's Texas criminal defense attorney.

This tactic by Plaintiff, if approved by the Court, will no doubt complicate and interfere with Defendant's and his counsel's defense of the criminal case in Texas, and decision-making around such defense. Indeed, a very real and adverse consequence of the Court's granting of this Motion may well be a direct "chilling effect" on the Defendant's and his Texas counsel's efforts and activities, including discovery and interactions with the prosecutor, in defense of the criminal case in Texas. Indirectly, this "chilling effect" will likely erode Defendant's

constitutional rights and hamper his defense of the criminal case. This concern – which is frankly the same type of concern underlying the need for a stay in the first place – is not outweighed by Plaintiff's desire seek the described records at this particular point in time.

IV. **THE "STALENESS" ARGUMENT ADVANCED BY PLAINTIFF IS UN-COMPELLING.**

As Plaintiff points out in his Motion, during a telephonic status conference on August 31, 2018, the Court stated that the requested broadening of the partial lift of the stay "would be considered in the context of scrupulously protecting Defendant's Fifth Amendment right against self-incrimination, but that it also recognized the costs of the current stay order, including that information is growing stale." This "staleness" concern as articulated by Plaintiff and, in partially the stay, by this Honorable Court, does not support permitting the discovery Plaintiff now seeks. Records provided by the prosecutor to Defendant's counsel, and records provided by Defendant's counsel to the prosecutor, are and will remain part of the criminal case file, and will be disclosed by that government entity, when and to the extent they can lawfully be disclosed, pursuant to requests properly submitted; and they will likely be more available at the conclusion of the criminal case than they are now. But there is no material risk of such records becoming "stale," certainly not at this juncture.

V. **THERE IS NO "PUBLIC INTEREST" TO BE ADVANCED BY THE REQUESTED EXCEPTION TO THE STAY.**

Again, Courts look to a number of factors in evaluating a civil litigant's request for a stay pending the outcome of a related criminal investigation or proceeding. One of those factors of particular importance here is *the public interest*. *In re Royal Ahold N.V. Securities & ERISA Litigation*, 220 F.R.D. 246, 253 (D. Md. 2004) (*quoting Javier H. v. Garcia–Botello*, 218 F.R.D. 72, 74 (W.D.N.Y.2003)). *See also In re Mid-Atlantic Toyota Antitrust Litigation*, 92 F.R.D. at 359; *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2nd Cir. 2012). The public

interest in this instance weighs strongly in favor of denying the requested exception to the stay. The public interest that the Dallas County prosecutors have in the records they have provided in discovery to Defendant's counsel, under the terms of the "Discovery Disclosure and Notice" attached as Exhibit A, weighs against Plaintiff's discovery tactic in this civil case, for the same reasons that ongoing investigative and prosecution records are a statutory exception to required disclosure of public records, pursuant to a public records request by a private citizen. Moreover, any debate in this regard should include the primary party in interest to the subject records – the Dallas County prosecutor and/or Defendant's Texas criminal attorney – and should be resolved by a Texas Court, arising from properly-directed subpoenas or public record requests; rather than by this Honorable Court in connection with this Motion or the document requests Plaintiff wishes to serve under Rule 34.

## CONCLUSION

WHEREFORE, Defendant John Rivello respectfully asks this Honorable Court to deny Plaintiff's Motion for a Partial Lifting of the Stay of the Proceeding Pending Resolution of a Related Criminal Case.

Respectfully submitted,

By:     **/s/ Bruce F. Bright**
Bruce F. Bright (Bar No. 27236)
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
E-mail: bbright@ajgalaw.com
*Attorneys for Defendant John Rivello*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 1st day of November, 2018, a copy of the foregoing Defendant John Rivello's Memorandum in Support of Response and Opposition to Plaintiff's Motion for Partial Lift of Stay was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

                                        **/s/ Bruce F. Bright**
                                        Bruce F. Bright