IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KURT EICHENWALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-cv-01124-JKB |
| v. | ) |
| | ) |
| JOHN RIVELLO | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY OF PLAINTIFF KURT EICHENWALD IN SUPPORT OF MOTION FOR A PARTIAL LIFTING OF THE STAY OF THE PROCEEDING <u>PENDING RESOLUTION OF A RELATED CRIMINAL CASE</u>**

Defendant argues that he should not be required to produce documents that were provided to him (or his counsel) by the Texas state prosecutors in the context of the Texas state criminal proceeding and that Mr. Eichenwald should instead be required to seek those documents from the Texas state prosecutors by filing a motion in the Texas state courts.  For the reasons set forth below, Defendant's arguments should be rejected and Mr. Eichenwald's motion granted.

*First*, there are two categories of documents encompassed by Mr. Eichenwald's motion as to which Defendant provides no response:  (1) documents that <u>Defendant or his counsel have provided to</u> state or federal prosecutors or law enforcement authorities in the criminal proceedings; and (2) documents that have been provided to Defendant or his counsel by **<u>federal</u>** prosecutors or **<u>federal</u>** law enforcement authorities during the criminal proceedings.  Because Defendant has provided no argument or explanation as to why these two categories of documents should not be produced, this portion of Mr. Eichenwald's motion for a partial lifting of the stay is unopposed.

1

*Second*, nowhere does Defendant contend that the limited additional discovery sought by Plaintiff would violate his Fifth Amendment privilege against self-incrimination—which was the basis for this Court's stay of discovery directed to Defendant. *See* Dkt. 42 at 2.

*Third*, Defendant has failed to identify what, if any, documents, responsive to Plaintiff's proposed production requests cannot be produced in this litigation pursuant Texas Code of Criminal Procedure Article 39.14.  There is no affidavit from Defendant's legal counsel in the Texas criminal case identifying any such documents (*e.g.*, written statements made by third parties) or explaining how Art. 39.14 applies to Plaintiff's request for production. Specifically, Defendant has not addressed whether (or how) the Texas statute bars production in this proceeding of copies of Defendant's <u>own</u> Twitter messages.  As demonstrated below in Section III, Defendant is not prohibited by the Texas statute from producing such documents for two separate and independently sufficient reasons. Moreover, Defendant has failed to provide any evidence (by attorney affidavit or otherwise), that copies of his own Twitter messages were produced to his attorneys by the state prosecutors rather than the federal prosecutors or law enforcement authorities.  On this record, this Court should grant the motion because Defendant has not met the requirements of the Texas statute.

*Fourth*, Defendant has also cited no caselaw for the asserted proposition that Mr. Eichenwald must seek such records from the relevant criminal authorities rather than Defendant. *See* Opp'n at 1-3, 5-8.  But for the stay, Rule 34 discovery requests on Defendant for records that are indisputably highly relevant and that are in his possession, custody, or control would be entirely proper.

Accordingly, this Court should grant Plaintiff's request to partially lift the stay so that he may serve his first set of requests for production on Defendant.

**I.     DEFENDANT PRESENTS NO ARGUMENT AS TO WHY THE STAY SHOULD NOT BE LIFTED WITH RESPECT TO:  (A) DOCUMENTS THAT DEFENDANT HAS PROVIDED TO THE STATE OR FEDERAL PROSECUTORS AND LAW ENFORCEMENT AUTHORITIES; AND (B) DOCUMENTS THAT HAVE BEEN PRODUCED TO DEFENDANT BY THE FEDERAL PROSECUTORS OR LAW ENFORCEMENT AUTHORITIES**

There can be no dispute that Plaintiff's proposed second document request is not subject to Art. 39.14 because it seeks documents *Defendant* has provided to the state or federal prosecutors and the law enforcement authorities.  *See* Plaintiff's First Set of Requests for Production of Documents and Things to John Rivello (Dkt. 42-1) at 2.  Likewise, any documents produced to Defendant by the federal prosecutors or law enforcement authorities—as opposed to the Texas state prosecutors—also fall outside the contours of Art. 39.14.  *See id.*

Thus, Mr. Eichenwald's motion with respect to these two categories of documents is unopposed and should therefore be granted.

**II.    GRANTING THE MOTION AND THE REQUESTED DISCOVERY WOULD NOT VIOLATE DEFENDANT'S FIFTH AMENDMENT RIGHTS**

Plaintiff's narrow requested modification to the stay would not violate Defendant's Fifth Amendment rights because Plaintiff's requests are "narrowed to only seek documents already exchanged between Defendant and government actors."  Mem. at 3.

Defendant does not attempt to rebut this point.

While Defendant states that Mr. Eichenwald's request "will no doubt complicate and interfere with Defendant's and his counsel's defense of the criminal case in Texas, and decision-making around such defense," he does not argue that the discovery sought by Mr. Eichenwald raises any Fifth Amendment concerns nor does he explain how such discovery will provide a "chilling effect" on his counsel's "efforts and activities."  Opp'n at 7.   Furthermore, Defendant's argument that the "records Plaintiff seeks herein *would not exist* in the possession of Defendant

or his counsel, but for Defendant's active and constitutionally-protected defense of the pending criminal case," *id*., is wholly misplaced. Here, the records Plaintiff seeks include "the *contents* of Defendant's communications" leading up to and concerning Defendant's attack on Plaintiff. Mem. at 2. Such electronic communications most certainly existed and were in the possession of Defendant (*e.g.*, on, or recoverable from, his electronic devices) prior to any of the criminal proceedings.

Thus, absent any cognizable Fifth Amendment concern raised by Defendant, this Court should grant the motion in order to minimize the harsh consequences of the stay to Plaintiff and growing concerns about evidence growing stale.

### III. DEFENDANT HAS NOT ESTABLISHED THAT THE REQUESTED DISCOVERY WOULD VIOLATE TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 39.14

With respect to the evidence Defendant has obtained from the Texas state prosecutors— *e.g.* the contents of Defendant's electronic communications using third-party service providers, such as Twitter—Art. 39.14(a) provides that the state shall produce any "written or recorded statements of the defendant," and Art. 39.14(e)(2) provides that the Defendant may disclose "documents, evidence, materials, or witness statements [that] have already been publicly disclosed." *See also* Art. 39.14(f) (permitting witness to have copies of witness's own statement).

That is, the very statue upon which Defendant relies makes clear that a defendant—and not just his or her attorneys—is entitled to receive copies of any of his or her own written or recorded statements. Defendant's own Twitter communications (and similar electronic statements made by Defendant) are just such statements. Therefore, even if this category of documents were produced by state prosecutors or law enforcement authorities to Defendant's counsel during the course of the state criminal prosecution, they are documents that Defendant is

4

entitled not only to review, but to obtain copies of, and are therefore in Defendant's custody, possession or control.

Moreover, Twitter messages sent by Defendant (or Twitter messages sent to Defendant by a third person) are, by definition, "publicly disclosed." Therefore, this exception to the general statutory principle articulated by Defendant applies as well.

Despite this, Defendant has neither addressed these categories of documents in his Opposition nor shown how Art. 39.14 prohibits him from disclosing such documents to Plaintiff in this case. In addition, Defendant cites no case holding (or even suggesting) that the Texas statute upon which he relies bars the production of his own electronic communications even if those copies had been provided to him by the state prosecutors or law enforcement authorities.

Moreover, not only has Defendant failed to provide an affidavit or a declaration from an attorney involved in the Texas criminal proceeding (or from anyone else knowledgeable regarding that proceeding), but the single document upon which Defendant relies turns out to be an incomplete version of the full document. Defendant attached as Exhibit A to his opposition papers a form document entitled "Discovery Disclosure and Notice Pursuant to CCP 39.14." However, we have learned that the document typically contains additional pages. *See* Declaration of Spencer Johnson at ¶¶2-5 and Ex. A. Those pages, elided from Defendant's opposition, provide details regarding the discovery provided by the state to the defense attorney. *Id*. For whatever reason, Defendant has chosen not to present those pages to this Court. Therefore, even if the Texas statute does prevent Defendant from disclosing to Mr. Eichenwald some subset of the requested documents, Defendant has failed to meet its burden of establishing the relevance of the statute to any of the requested materials.

### IV. **DEFENDANT IS THE APPROPRIATE PARTY TO WHOM PLAINTIFF'S PRODUCTION REQUESTS SHOULD BE DIRECTED**

The requested records from the related criminal proceedings are undoubtedly relevant to this case, and Federal Rule of Civil Procedure 34 is the proper mechanism by which Plaintiff may request and obtain such records from Defendant. Thus, but for the stay, there is nothing improper in Plaintiff propounding such discovery requests on Defendant. *See, e.g.*, 8B Fed. Prac. & Proc. Civ. § 2206 (3d ed.) ("[Rule 34] authorizes the broadest sweep of access, inspection, examination, testing, sampling, copying, and photographing of documents, electronically stored information, or objects in the possession or control of another party.").

Defendant is incorrect that the "primary source" for the records Plaintiff seeks "would be the offices of the federal and/or state prosecutors that have handled and/or are handling the criminal proceedings." Opp'n at 3. Mr. Eichenwald is seeking only those documents in Defendant's custody, possession or control. It is not currently seeking documents from the prosecutors. *See Ruiz v. City of New York*, 125 A.D.2d 661 (App. Div. 2nd Dep't 1986) ("We note that the District Attorney has made the file sought by the plaintiffs available to their adversary in the instant matter. Accordingly, the plaintiffs if they be so advised should proceed against [Defendant] for the production of the District Attorney's file."). Indeed, Plaintiff's second request for production is directed towards the documents that *Defendant* provided to such authorities, and certainly the prosecutors' offices are not the primary source for such records. *See* Dkt. 42-1 at 2 (second request for production); *see also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 59 (E.D. Pa. 1980) ("Since the documents in question have already been identified and sorted, compliance with this request should impose only a minimal burden upon the defendants. Furthermore, discovery of these documents poses no Fifth Amendment threat to the individual criminal defendants, and it is not otherwise

significantly onerous as to them."). That is, the second request seeks a limited category of documents that have already been provided by Defendant or his attorneys.

Moreover, Defendant has not alleged that it would be burdensome to produce the narrow set of documents requested by Plaintiff. By contrast, Plaintiff would be unduly burdened should he be forced to obtain the requested evidence by pursuing public records request with multiple public authorities.

Accordingly, Plaintiff's requested discovery is appropriately requested through Defendant.

### V.   THE COURT SHOULD ALTERNATIVELY ORDER DEFENDANT TO PRESERVE DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

The limited relief Plaintiff seeks will help ensure that relevant evidence is preserved and that Plaintiff is given access to relevant evidence as it is produced in the criminal proceeding such that the case may proceed without additional delays once the stay is fully lifted. However, should this Court deny the motion, Plaintiff alternatively requests that the Court order Defendant to preserve all documents responsive to Plaintiff's first set of requests for production and produce them immediately once the stay is fully lifted.

### CONCLUSION

Plaintiff requests that this Court grant his motion to partially lift its stay of this action to allow Plaintiff to serve on Defendant the proposed Requests for Production.

                  Respectfully submitted,

Dated: November 15, 2018          */s/ Steven Lieberman*
                                            Steven Lieberman
                                            Jennifer B. Maisel (admitted *pro hac vice*)
                                            ROTHWELL, FIGG, ERNST & MANBECK, P.C.
                                            607 14th Street, N.W. – Suite 800
                                            Washington, D.C.  20005
                                            Tel:  (202) 783-6040

Fax: (202) 783-6031
Email: slieberman@rfem.com
Email: jmaisel@rfem.com

*Attorneys for Plaintiff Kurt Eichenwald*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 15th day of November, 2018, a copy of the foregoing REPLY OF PLAINTIFF KURT EICHENWALD IN SUPPORT OF MOTION TO PARTIALLY LIFT THE STAY OF THE PROCEEDING PENDING RESOLUTION OF A RELATED CRIMINAL CASE was filed electronically through the Court's Electronic Case Management and Filing System.  All parties to this case are able to access the filing through this system.

                                              */s/Jennifer B. Maisel*
                                              Jennifer B. Maisel