# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURTH EICHENWALD | * | |
| Plaintiff | * | C.A. No. 1:17-cv-01124 |
| v. | * | |
| JOHN RIVELLO | * | |
| Defendant | * | |
| | * | |

## AFFIDAVIT OF DAVID M. RIVELLO IN SUPPORT OF MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER

I, DAVID M. RIVELLO, am over 18 years of age and competent to produce this Affidavit which is based upon my personal knowledge.

1. I am 63 years of age and married to Sally Rayne Rivello and have been for the last 39 years. Sally and I have one child, John Rivello, who is the Defendant in this case.

2. I was previously employed in law enforcement. I began my career with the Ocean City Police Department in 1976 as a Boardwalk Police Officer. I gradually advanced in the department and became a Detective, initially doing general detective work (CID) and thereafter concentrated by work in the area of possession and distribution of illicit drugs. I left the Ocean City Police Department in 1983. During my tenure in the department I earned a Bachelor of Arts Degree from the University of Maryland in Behavioral Sciences.

3. In 1983 I became employed by the Drug Enforcement Administration as a Special Agent. I initially worked in the Baltimore, Maryland area until 1991. Thereafter, I was transferred to Salisbury, Maryland and continued to work there for the next 20 years until my retirement in 2011.

4.     During my employment with the DEA and prior thereto with the Ocean City Police Department, I learned to do investigations, report writing, analysis of phone, financial and email records and to prepare summaries of evidence for use by prosecutors.

5.     At the time my son, John Rivello, was arrested and charged with offenses, I immediately contacted counsel for myself and my son. My son was living in a home owned partially by me and I sought advice of counsel relative to potential liability on my part.

6.     On December 22, 2016, I engaged attorneys Mark S. Cropper and Bruce F. Bright, of the firm of Ayres, Jenkins, Gordy & Almand, in Ocean City, Maryland. They have continued to represent me and my son since that date and continue to advise me in the course of their representation of me. I have made communications to them both orally and in writing for the purpose of securing their opinions on law and their legal services and I have not intentionally done any act or failed to do any act which would constitute a waiver of the attorney-client privilege. Both my son and I retained Charles Peckham, Esquire of Houston, Texas to represent us during the period beginning in approximately December of 2016 to the present.

7.     Subsequent to my retention of attorneys Cropper and Bright, I was retained by attorney, Matthew Alford, to assist him in the defense of State criminal charges lodged against my son in the State of Texas. In the course of my work for attorney Alford, I have received from him and analyzed thousands of pages of documents, prepared summaries and analysis of those documents and communicated with him orally and in writing regarding the documents, other data and other evidentiary matters in the case. I have performed internet research for him and provided him with analysis and commentary regarding police reports, witness statements, reports from the FBI and Twitter records. In addition, from the time of my son's arrest in March of 2017 until the dismissal of all Federal charges against him in November of 2017, I provided

similar investigation services to attorneys Matthew Hennessey and David Gerger who were representing my son.

8. I continue to do work for Mr. Alford and to provide reports for him on a regular basis.

9. I have reviewed the subpoena directing me to produce documents in twenty (20) separate categories. I do not have documents in categories, 15 (Judaism), 16 (Nazis) or 17 (alt-right).

10. It has been and continues to be my understanding that the work that have I done for attorney Alford and the communications between us and other counsel relative to my son's defense are privileged under the attorney-client privilege and attorney-work product doctrine.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the contents of the foregoing Affidavit are true and correct.

Date: December 28th, 2018

David M. Rivello