IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-cv-01124-JKB |
| v. | ) | |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF
DEFENDANT JOHN RIVELLO FOR MODIFICATION
OF THE COURT'S SCHEDULING ORDER**

On May 22, 2020, Defendant John Rivello filed his Motion for Modification of the Court's Scheduling Order, requesting extensions of pending deadlines by approximately four additional months. (Dkt. 70). Plaintiff opposes any modification of the schedule beyond forty-two days, consistent with this Court's Standing Order 2020-11.[1]

On May 5, 2020, counsel for Defendant first requested an additional **42** day modification of the schedule. Ex. 1.[2] On May 19, 2020, after Plaintiff had agreed to the 42 day extension, counsel for Defendant then requested a **60** day extension instead. Ex. 2. On May 20, 2020, counsel for Defendant then circulated a draft Motion, now requesting a **90** day extension. Ex. 3. After counsel for Plaintiff informed counsel for Defendant in writing (and on a meet and confer call on May 22, 2020), that Plaintiff did not consent to a greater than 42 day extension, and despite having never asked Plaintiff for a four-month extension, or having explained why an

---

[1] On April 2, 2020 this Court entered an Order extending the deadlines in the original January 8, 2020, Scheduling Order by 42 days. D.I. 68
[2] "Ex." refers to the exhibits in the accompanying Declaration of Jennifer Maisel, Esq. in Support of Plaintiff's Memorandum in Opposition to the Motion of Defendant John Rivello for Modification of the Court's Scheduling Order.

1

extension beyond forty-two days is warranted, Defendant then filed the present Motion seeking an extension of **121-122** days of the current deadlines.

## ARGUMENT

This Court should deny Defendant's Motion for Modification of the Court's Scheduling Order by four months as Defendant has not demonstrated the necessity of such an extensive modification to the schedule. This Court should instead issue an Order modifying the schedule by an additional 42 days to align with this Court's Standing Orders 2020-07 and 2020-11, as set forth below.

**I.     DEFENDANT HAS NOT DEMONSTRATED HOW COVID-19 HAS IMPACTED THIS CASE MORE THAN THIS COURT'S OTHER CASES**

Despite Defendant's claim that "discovery has been hampered considerably by COVID-19 circumstances, restrictions, and disruptions," Defendant has not provided, either in his Motion or in any communications with counsel for Plaintiff, any specific disruptions experienced by Defendant or his counsel that would support the requested four month delay. Indeed, Defendant's Motion is entirely bereft of any specific COVID-19-related detail or reason that would justify such an extension. As such, Defendant has not demonstrated any issues beyond the general complications contemplated by this Court in its Standing Order 2020-07. As communicated by this Court in Standing Order 2020-11, this Court has determined that generally the 84 day extensions to deadlines will be presumed effective in cases, unless otherwise ordered by the presiding judge.

**II.    THE OUTSTANDING DISCOVERY DISPUTES DO NOT WARRANT A FOUR-MONTH DELAY**

Beyond unspecified COVID-19-related issues, Defendant's additional two discovery-related reasons do not justify extending the schedule by four months.

First, Defendant seeks to justify the delay on the grounds that that Plaintiff has not yet

served responses to Defendant's interrogatories and document requests, which were served on March 2, 2020.  Motion at 1.  But these materials have not yet been produced because there is an outstanding dispute between the parties regarding the terms of an appropriate protective order, and <u>Defendant</u> volunteered an extension for Plaintiff's discovery responses until that dispute was resolved.  Ex. 4.  The parties have now reached an impasse as to the protective order and Plaintiff will be filing shortly a motion for entry of a protective order.  In the meantime, Plaintiff is producing its non-confidential documents and information.  Moreover, Defendant waited nearly two months after this Court lifted the stay to serve any discovery requests, and has significantly delayed resolution of an outstanding issue regarding treatment of confidential information and materials that will be produced by Plaintiff—including failing to attend two scheduled meet and confer calls.  In view of Defendant's own delays, Defendant cannot now credibly argue that Plaintiff's decision to defer producing Confidential Material until a Protective Order has been entered (an approach that Defendant first brought up, *see* Ex. 4) justifies a four-month extension.

<u>Second</u>, Defendant argues that Plaintiff's outstanding Motion for Leave to File an Amended Complaint warrants a four month delay.  Motion at 1.  But Plaintiff's proposed amended complaint only adds a claim for punitive damages, all based on materials of which Defendant has been aware since 2016, and which Defendant's counsel in this case has possessed since at least January 2019.  Further, the subject matter of the addition is so closely related to Defendant's actions underlying the Complaint that any discovery in this matter would have already included the materials on which the addition is based.  Accordingly, the proposed Amended Complaint does not change the scope of discovery in a manner that justifies a four month delay.

### III. PLAINTIFF DOES NOT OPPOSE A FORTY-TWO DAY EXTENSION

Plaintiff respectfully requests that the scheduling order instead be amended as shown below to comport with this Court's 84 day extension of filing deadlines:

| | EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|---|
| A. | Plaintiff's Rule 26(a)(2) Disclosures | 06/05/2020 | 07/17/2020 |
| B. | Defendant's Rule 26(a)(2) Disclosures | 07/06/2020 | 08/17/2020 |
| C. | Plaintiff's Rebuttal Rule 26(a)(2) Disclosures | 07/20/2020 | 08/31/2020 |
| D. | Rule 26(e)(2) Supplementation of Disclosures and Responses | 07/27/2020 | 09/07/2020 |
| E. | Discovery Deadline; Submission of Status Report | 08/19/2020 | 09/30/2020 |
| F. | Requests for Admission | 08/26/2020 | 10/07/2020 |
| G. | Dispositive Pre-Trial Motions Deadline | 09/21/2020 | 11/02/2020 |

### CONCLUSION

For at least the foregoing reasons, Mr. Eichenwald respectfully requests that the Court deny Defendant's Motion for Modification of the Court's Scheduling Order and instead modify the scheduling order as proposed by Plaintiff to align the schedule with this Court's guidance.

Respectfully submitted,

Dated: <u>May 26, 2020</u>

<u>/s/ Steven Lieberman</u>
Steven Lieberman
Jennifer B. Maisel (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W. – Suite 800
Washington, D.C. 20005
Tel: (202) 783-6040
Fax: (202) 783-6031
Email: slieberman@rfem.com

Email: jmaisel@rfem.com
*Attorneys for Plaintiff Kurt Eichenwald*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of May, 2020, a copy of the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF DEFENDANT JOHN RIVELLO FOR MODIFICATION OF THE COURT'S SCHEDULING ORDER was filed electronically through the Court's Electronic Case Management and Filing System.  All parties to this case are able to access the filing through this system.

*/s/ Nasri V. B.  Hage*
Nasri V.B. Hage