# EXHIBIT 1

| | |
|---|---|
| **From:** | Bruce F. Bright |
| **To:** | Jennifer B. Maisel; Steven Lieberman |
| **Cc:** | Kim Willison; Spencer J. Johnson; Nasri Hage; Victoria O"Neill |
| **Subject:** | Eichenwald v Rivello |
| **Date:** | Tuesday, May 5, 2020 6:42:07 PM |
| **Attachments:** | Draft Stipulated Protective Order - RFEM changes (redline) 4 14 2020.docx |
| | Draft Stipulated Protective Order - with BB changes (redline) 4 8 20.docx |
| **Importance:** | High |

Jennifer and Steven:

I have reviewed the attachment. I understand your position to be that: 1) Even though you want the Order to cover any and all discovery provided by your side, you will not agree to have it apply to discovery provided previously by my side other than the Williamson report.  2) You will not agree to restrict the scope of the Order, so that it covers and governs the filing of "confidential" documents only (requiring such documents to be filed under seal and with a sealing motion), rather than covering and governing every reference made to any "confidential" information in any filed paper – this, in my view, is tantamount to putting the entire case under seal. 3) You will not agree to my ability to share documents obtained in this case with criminal defense counsel (It is my understanding that, under *Brady* as it has been interpreted and enforced in Texas, the prosecution is obligated to provide to my client's counsel anything potentially exculpatory that is in the prosecution or complaining party's (alleged victim's) possession; what you are proposing could potentially constitute a waiver or partial waiver of my client's rights under *Brady*, so I obviously can't agree to that).

Also, the Order as drafted by you will create a great deal of process and burden, complicating discovery and the rest of the litigation process unnecessarily and in a way that does not comport with practice in most other cases where a plaintiff's medical background is at issue, based on the claims he or she filed. The case will be over-complicated, in my view, if we proceed as you've proposed. And as stated, the path that you've proposed has the potential of putting large parts of the case (if not all of it) under seal.

In my view, we should try to fashion an approach that protects Mr. Eichenwald's medical records from use and disclosure beyond this case (and the Texas case), and protects Mr. Rivello's medical records from use and disclosure beyond this case, but does not introduce all of the sealing requirements you contemplate, and does not entitle parties to make broad-ranging "confidential" classifications  that must be affirmatively challenged by the other party.

If you generally disagree with my view in that regard, then we are probably at an impasse on this. Let me know when you have time for a call. It seems pretty clear, though, that in order to move ahead with discovery, this matter will need to be addressed by the Court.

<u>And I suggest that we seek another modification of the schedule</u> – the Court "suspension" of judicial activity that was the basis of our last requested schedule modification has (as I assume you are aware) been extended from April 24 to June 5, which is another 42 days. I suggest we seek another extension  of the schedule in accordance with that timeline, or perhaps longer. The need for this has been increased by the delay in your client's discovery responses that has arisen from this "confidentiality" issue. Please let me know if you agree.

-Bruce


Bruce F. Bright
Partner
AJGA
410-723-1400 (Office)
410-693-7349 (Mobile)
bbright@ajgalaw.com
www.ajgalaw.com


**From:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>
**Sent:** Tuesday, April 14, 2020 4:01 PM
**To:** Bruce F. Bright <bbright@ajgalaw.com>; Steven Lieberman <slieberm@rothwellfigg.com>
**Cc:** Kim Willison <kwillison@ajgalaw.com>; Spencer J. Johnson <sjohnson@rothwellfigg.com>; Nasri Hage <Nhage@rothwellfigg.com>
**Subject:** RE:

Dear Bruce,

I attach a new version of the protective order, accepting your edits and making our edits on top in redline. As you can see, we do not agree to your revisions that would allow you to share materials designated confidential in this litigation with the defense attorneys in the criminal litigation, or allow you to retroactively designate any discovery materials produced by defendant as confidential other than the Williamson report per our earlier agreement.

Since we have already had to reschedule our call at your request, and for whatever reason you missed our rescheduled call today, please let us know your availability to discuss within the next few days to see if there are any items where there is room for agreement. In any event, even if we cannot agree, we are obligated to have a meet and confer before presenting these issues to the Court.

Thanks,
Jen




**Jennifer Maisel**
Rothwell, Figg, Ernst & Manbeck, P.C.

607 14th Street, NW
Suite 800
Washington, D.C.  20005

Main Number:  202.783.6040
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy, distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Jennifer B. Maisel
**Sent:** Monday, April 13, 2020 10:53 AM
**To:** 'Bruce F. Bright' <bbright@ajgalaw.com>; Steven Lieberman <slieberm@rothwellfigg.com>
**Cc:** Kim Willison <kwillison@ajgalaw.com>
**Subject:** RE:

Hi Bruce,

OK – let's stick with 1:30pm tomorrow.

We can use the same dial-in:
(888) 251-2909
8683355

Best regards,



**Jennifer Maisel**
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th Street, NW
Suite 800
Washington, D.C.  20005

Main Number:  202.783.6040
Fax Number: 202.783.6031
Email: jmaisel@rothwellfigg.com
Website:  www.rothwellfigg.com

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential and/or privileged information. If you are not the addressee, note that any disclosure, copy,

distribution or use of the contents of this message is prohibited. If you are not the intended recipient, please notify Rothwell, Figg, Ernst & Manbeck, P.C. immediately at (202) 783-6040 or email us at jmaisel@rfem.com, and destroy all copies of this message and any attachments.

**From:** Bruce F. Bright <bbright@ajgalaw.com>
**Sent:** Monday, April 13, 2020 10:44 AM
**To:** Jennifer B. Maisel <jmaisel@rothwellfigg.com>; Steven Lieberman <slieberm@rothwellfigg.com>
**Cc:** Kim Willison <kwillison@ajgalaw.com>
**Subject:**

Jennifer and Steve:
I've had something arise that requires my attention today in another case, and is time-sensitive. Can we move the call to tomorrow?

Bruce F. Bright
Partner
AJGA
410-723-1400 (Office)
410-693-7349 (Mobile)
bbright@ajgalaw.com
www.ajgalaw.com

Bruce F. Bright
Partner
Ayres, Jenkins, Gordy & Almand, P.A.



Tel:   410-723-1400
Fax:   410-723-1861
Email: bbright@ajgalaw.com
Web:   www.ajgalaw.com

6200 Coastal Highway, Suite 200
Ocean City, MD 21842

LEGAL NOTICE
Unless expressly stated otherwise, this e-mail is intended to be confidential and may be privileged. It is intended for the addressees only. Access to this e-mail by anyone except addressees is unauthorized. If you are not an addressee, any disclosure or copying of the contents of this email or any action taken (or not taken) in reliance on it is unauthorized and may be unlawful. If you are not an addressee, please inform the sender immediately. E-mail communications may be intercepted or inadvertently misdirected. While the American Bar Association deems e-mail a valid and authorized form of communication between attorneys and clients, absolute secrecy, confidentiality, and security (of this e-mail message and any attachments thereto) cannot be assured. The relationship of attorney/client shall not be, and is not, established solely as a result of the transmission of this e-mail. Absent a written engagement letter signed by Ayres, Jenkins, Gordy and Almand, P.A., no attorney/client relationship shall be deemed to, nor shall, exist and any belief that information or documents provided by this e-mail are privileged is mistaken, unwarranted and incorrect.