IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

KURT EICHENWALD,                          )
                                          )
            Plaintiff,                    )
                                          )   C.A. No. 17-cv-01124-JKB
      v.                                  )
                                          )
JOHN RIVELLO,                             )
                                          )
            Defendant.                    )
                                          )


## PLAINTIFF'S MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 104.13, Kurt Eichenwald ("Plaintiff"), by and through his undersigned counsel, moves for entry of a protective order governing the use of confidential information in this case.  Attached to the Declaration of Jennifer Maisel, Esq. ("Maisel Decl.") as Exhibit 1 is a proposed confidentiality order compliant with Local Rule 104.13 (the "Proposed Order").  Plaintiff has sought, and has been unable to obtain, agreement from Defendant to the terms of the Proposed Order. Specifically, Defendant has declined to agree to entry of a confidentiality order that either: (a) allows motions (or other documents) containing confidential information to be filed under seal; or (b) prevents Defendant's counsel in this case from providing Mr. Eichenwald's confidential information to Mr. Rivello's counsel in the Texas criminal case.  This Motion requests that this Court enter the Proposed Order

Counsel for Plaintiff has conferred with Counsel for Defendant, and counsel for Defendant opposes this Motion.

1

A court has discretion to issue a protective order that forbids a party from disclosing to other persons specific information acquired in discovery. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 791–92 (3d Cir. 1994). As discussed below, good cause exists to prevent the disclosure of Plaintiff's personal information, as well as to prevent Defendant from circumventing the restrictions on discovery in the criminal case by sharing Plaintiff's discovery materials generated in this case for use in the Texas criminal case. As such, Plaintiff respectfully requests that this Court enter the Proposed Confidentiality Order.

## I.  PLAINTIFF'S PERSONAL INFORMATION SHOULD BE PROTECTED

This case arises from Defendant's misuse of Plaintiff's health information in an attempt to injure or kill Plaintiff—an attempt that succeeded in causing severe physical injury to Plaintiff. Defendant has already shown a lack of regard for Plaintiff's health and well-being, and Defendant additionally is known to Plaintiff to have been in contact and communication with members of the "alt-right" and neo-Nazi movements, which similarly share extremist and often violent views towards Plaintiff. *See* D.I. 36 at 6-10 (discussing relevance of identity of others with whom Defendant planned or communicated regarding his attack on Plaintiff).

Plaintiff is reasonably concerned about the potential for his personal information, including, but not limited to, highly personal or medical information, being shared outside of this litigation. As an example, Defendant has expressed a desire to meet and fight Plaintiff in person. *See* Maisel Decl. Ex. 3. Defendant at one point also expressed an intent to hire a private detective to follow Plaintiff, to which one of Defendant's associates responded, "I'm sure there's people in trs[1] that would help do that. I'm sure there's some in the Dallas area." Maisel Decl. Ex. 4. As shown, both Defendant and his associates have expressed a willingness to use

---

[1] "trs" in this context likely refers to "The Right Stuff," a neo-Nazi and conspiracy theory media website. *See* Maisel Decl. Ex. 5.

Plaintiff's personal information for reasons including following Plaintiff in person. As such, there is good cause for issuing an order keeping Plaintiff's personal information confidential in this matter to prevent harassment of Plaintiff or his family by Defendant and/or Defendant's associates.

Defendant has also taken the position that a protective order should not require that papers filed containing confidential information be filed under seal. Allowing such an arrangement would have the effect of not entering a protective order at all because Defendant could simply circumvent the confidentiality restriction by incorporating confidential information into a pleading. Further, such an arrangement would conflict with this Court's Local Rule 104.13, which states that "Any proposed confidentiality order shall include… a provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to L.R. 105.11." As such, Plaintiff's Proposed Confidentiality Order should be entered containing the requirement that confidential information be filed under seal.

## II.  DEFENDANT SHOULD NOT BE PERMITTED TO USE CIVIL DISCOVERY TO EVADE RESTRICTIONS ON DISCOVERY IN THE CRIMINAL CASE

The proposed confidentiality order would prevent the disclosure or use of confidential material outside of the present litigation. Proposed Order at ¶ 1(c). Defendant objects to this provision on the ground that he should be allowed to freely share discovery materials produced in this case for use in the co-pending criminal case. Maisel Decl. Ex. 2.[2]

The present civil case before this Court, and the criminal case pending in Dallas, Texas,

---

[2]  Counsel for Mr. Eichenwald has asked counsel for Mr. Rivello why such disclosure is even an issue for Mr. Rivello, since Mr. Rivello had agreed to plead guilty in the criminal case prior to his suicide attempt on the eve of that plea.

are separate actions with different rules for discovery. The United States Supreme Court has noted that protective orders are appropriate "to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *Degen v. United States*, 517 U.S. 820, 826 (1996) (emphasis added).  As such, it would be inappropriate for Defendant to "make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962); *see also Brink v. DaLesio*, 82 F.R.D. 664, 677 (D. Md. 1979) (citing *Campbell v. Eastland* for proposition that criminal and civil cases have different scopes of discovery and granting protective order against use of civil discovery in criminal case).

Defendant may acquire discovery for use in the Texas criminal case by following the appropriate procedures before that court.  For example, in the Texas criminal case, Defendant has already attempted to obtain certain discovery regarding Plaintiff, and in facing disagreement from prosecutors, was instructed by prosecutors how that information should be obtained. Maisel Decl. Ex. 6.  Defendant requested "Internet browsing history for Mr. Eichenwald's devices … the night of alleged seizure and a few days after." *Id.*  The prosecutor responded that such a request would have to be done in a forensics lab, and that if Mr. Eichenwald were not willing to cooperate, the prosecutor would not force the matter, and that Defendant may have to go before the judge in that case to make a decision.  *Id.*  In other words, the Texas criminal case already has a route for obtaining discovery for use in that venue: request it from the prosecutor, and if necessary, the judge ***in that case***.

For comparison, when Plaintiff desired information that was in possession of Defendant as a result of the criminal case to be used in the present case, Plaintiff filed a motion before this

4

Court to obtain such discovery. *See* D.I. 42.  Similarly, should Defendant feel the need to obtain additional information for use in the Texas criminal case, he can go through the proper channels in that court.

For at least these reasons, Defendant should not be allowed to use the liberal discovery available in this case to obtain discovery that he would not be able to use in the criminal case.

## CONCLUSION

For at least the foregoing reasons, Mr. Eichenwald respectfully requests that the Court enter the attached Proposed Confidentiality Order.

Respectfully submitted,

Dated: <u>June 4, 2020</u>

<u>/s/ Steven Lieberman</u>
Steven Lieberman
Jennifer B. Maisel (admitted *pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
607 14th Street, N.W. – Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040
Fax:  (202) 783-6031
Email: slieberman@rfem.com
Email: jmaisel@rfem.com
*Attorneys for Plaintiff Kurt Eichenwald*

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 4th day of June, 2020, a copy of the foregoing PLAINTIFF'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

<u>*/s/ Nasri V. B.  Hage*</u>
Nasri V.B. Hage