IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-cv-01124-JKB |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant | ) | |

### DEFENDANT JOHN RIVELLO'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF A CONFIDENTIALITY ORDER

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby responds to the Motion for Entry of a Confidentiality Order of Plaintiff, KURT EICHENWALD ("Plaintiff" or "Eichenwald"), as follows:

1. Whether to protect Plaintiff's "confidential" information (in this case, mainly his medical records and information) is not at issue – Defendant's counsel has proposed a reasonable path for doing so. What is before the Court is the extent to which the record in this civil personal injury/tort case should be sealed, the nature and extent of "sealing" procedures and obligations that should be imposed, and whether a confidentiality order entered in this case should adversely implicate Defendant's rights in the criminal case, including under *Brady v. Maryland*, 473 U.S. 83 (1947), *United States v. Augrs*, 426 U.S. 97 (1976), and Section 39.14 of the Texas Code of Criminal Procedure.

2. Attached as **Exhibit A** is the "Stipulated Order Regarding Confidentiality of Discovery Material" initially proposed by Plaintiff's counsel. The Order, as proposed: 1)

1

empowers a party to mark any document produced as "confidential" on a virtually-discretionary basis; 2) subjects deposition testimony to confidentiality designations generally; 3) imposes "confidentiality" as to any reference that is made during any deposition to a document marked as "confidential"; 4) requires that, as to any and all pleadings, motions, memoranda or other papers filed with the Court which refer to or include any information designated as "confidential," the filing/submitting party must do so under seal and must file an accompanying sealing motion in that regard (even if the submitting party does not believe that the document(s) is/are properly designated as confidential); 5) requires any challenge to a designation of purported "confidentiality" to be made by motion; and 6) prohibits disclosure of documents marked as "confidential" to Defendant's Texas criminal defense counsel.

3. Attached as **Exhibit B** is defense counsel's "redline" of the initial proposed Order, reflecting requested changes. Attached as **Exhibit C** is defense counsel's email (dated April 8) explaining the reasons and rationale for his requested changes.

4. Attached as **Exhibit D** is Plaintiff's counsel's revised "redline" showing changes to defense counsel's proposed Order (**Exhibit B**). Attached as **Exhibit E** is defense counsel's email (dated May 5, 2020) explaining why he would not agree to Plaintiff's revised Order.

5. The changes to the Order requested by Defendant's counsel were principally intended to 1) lessen the onerous burden of time, process, and expense associated with the "sealing" of each and every reference, however small or discrete, to purportedly "confidential" information made in Court filings, 2) permit disclosure of confidential information to Texas criminal defense counsel, in part, to preserve Defendant's right to participate fully in the defense of that case and, in part, to protect against what could be deemed or exploited as a waiver of *Brady* rights vis-à-vis "confidential" information and documents disclosed in this case that may

also be discoverable by defense counsel (and subject to affirmative disclosure obligations) in the Texas criminal case.

6. Under the Texas Code of Criminal Procedure, Section 39.14(a) (which arises from *Brady*), upon a request by the defense in a criminal case, the State "shall produce and permit the inspection and . . . duplication . . . by or on behalf of the defendant, of any offense reports, <u>any designated documents, papers, written or recorded statements of the defendant or a witness</u> . . . <u>or any books, accounts, letters, photographs, or objects or tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state</u>."

7. The breadth of that provision, on its face, appears to cover (and require the disclosure in the Texas case of) medical records of any health care provider of Mr. Eichenwald's that may be testifying as a witness in the criminal case, and any medical records otherwise in the possession of Mr. Eichenwald (and by extension, his attorneys).

8. However, the Order as proposed by Plaintiff's counsel would effectively erect a "wall" between defense counsel in this case and Mr. Rivello's criminal defense counsel, as to any "confidential" information, documents, or content of documents. On that basis, **first**, Defendant and his civil counsel would be prohibited from orally or otherwise sharing with Texas defense counsel the content of any of the medical records produced and designated herein as "confidential" (which likely will be all of them).

9. Since Defendant will be privy to Plaintiff's medical records in this civil case, his awareness and knowledge of the contents thereof will be governed and regulated by the Plaintiff's proposed Order. This will create profound, intractable, and continuous problems

regarding Defendant's ability and protected right to communicate freely and effectively with his Texas defense counsel. In regard to any discussion of Plaintiff's medical history or condition – a matter that is material, indeed, central, to both the civil and criminal cases – Defendant will be placed in the impossible position, each time he communicates with his Texas counsel, of evaluating and deciding whether and to what extent certain information of which he is aware is covered by the onerous confidentiality obligation imposed under the Plaintiff's proposed Order. This will unfairly and unduly prejudice his rights and interests in both cases, but especially his ability to fully and effectively participate in the defense of the criminal case in Texas.

10.     Second, the proposed Order will potentially implicate Defendant's *Brady* rights in the criminal case. If medical records in possession of Plaintiff, his physicians, or his attorneys, are designated "confidential" pursuant to the proposed Order and produced to Defendant on that basis, the records and all content thereof become "confidential" under the Order, and cannot be disclosed or used outside "sealed" proceedings and filings in *this* case. This restriction, if consented to by Defendant or imposed on him by the Court, could restrict or adversely implicate his rights under *Brady* and Section 39.14(a) of the Texas Code of Criminal Procedure, to obtain affirmative disclosure (in the criminal case and for use in that case) of material documents and items (e.g., medical records) that are or may be in the possession of Plaintiff or any other witness in the criminal case (including in all likelihood his treating physicians), and/or may be otherwise "in the control of" the state or a person under contract with the state. In other words, the Order as proposed by Plaintiff's counsel has the potential to "wall off" from Defendant and his Texas counsel *material* documents and information that would, in the absence of the Order, clearly need to be turned over by the Texas prosecutor (under *Brady* and Section 39.14(a) of the Texas Code of Criminal Procedure). But based on the "confidentiality" as imposed by the proposed

Order, this would be far less clear. Indeed, it appears to be Plaintiff's counsel's stated intent and purpose to erect an evidentiary wall between this case and the criminal case, which will operate in favor of Plaintiff but to the detriment of Defendant.

11. As reflected in Exhibit 6 to Plaintiff's Motion, Defendant's Texas criminal defense counsel requested discovery of "Mr. Eichenwald's medical records to show diagnosis and treatment for epilepsy. We need records long before (several years) the alleged seizure that is the basis of the case, as well as and of course, up to present date." In her response, the prosecutor agreed to produce the records (which plainly come within the disclosure obligation under Section 39.14(a) of the Texas Code of Criminal Procedure), stating "I have requested Mr. Eichenwald's medical records." In the event that medical records produced by the prosecutor are incomplete, altered, or improperly culled, this may only be apparent based on a review of medical records obtained in this case. However, if the Plaintiff's proposed Order is entered, Defendant would have no recourse to enforce his rights under *Brady* or Section 39.14(a) of the Texas Code of Criminal Procedure, in the absence of permission from this Court (i.e., relief from the Order, which could be opposed or delayed by Plaintiff or the prosecutor). In light of the scope of the medical record request by Defendant's Texas counsel and the prosecutor's agreement to produce those records, what is obtainable by the prosecutor (which would include what is in the possession of Eichenwald and his doctors) must be disclosed to Defendant's Texas counsel under Section 39.14(a); but covering those records or any part of them with Plaintiff's proposed Confidentiality Order may well complicate and obscure that obligation and/or Defendant's ability to seek full performance of it.

12. Notably, Plaintiff's position on this matter is inconsistent with his prior discovery-related positions. Defendant has been required by prior orders of this Honorable Court, sought by

Plaintiff, to produce to Plaintiff all discovery obtained through the criminal case in Texas. But Plaintiff now seeks through his proposed Order to prevent Defendant from sharing with his criminal defense counsel the discovery obtained herein.

13. So long as Plaintiff's medical (and other "confidential") information is protected from non-judicial disclosure or use by Defendant (i.e., use or disclosure outside of this case or the criminal case), his legitimate privacy interests are protected appropriately. Prohibiting any sharing with Texas criminal defense counsel of records designated unilaterally by Plaintiff as "confidential," serves only one real purpose – to hamper Defendant's ability to fully, fairly, and effectively communicate with his criminal defense counsel and/or civil defense counsel, and to defend both cases.

14. Plaintiff relies on cases – *Degen v. United States*, 517 U.S. 820 (1996); and *Campbell v. Eastland*, 307 F.2d 478 – which are inapposite here. Defendant's intention is not to "use civil discovery to evade restrictions on discovery in [a] criminal case." Indeed, Plaintiff's Motion does not identify any "restrictions" on discovery in the Texas criminal case which are purportedly "evaded" by Defendant's position in this matter. To the contrary, as stated above, the confidentiality imposed by the proposed Order could have the effect of creating a basis for the Texas prosecutor to avoid his/her own discovery/disclosure obligations, which are extremely broad under Section 39.14(a) of the Texas Code of Criminal Procedure.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Entry of a Confidentiality Order, and that is enter Defendant's proposed Order (attached hereto as Exhibit B).

Respectfully submitted,


By:       **/s/ Bruce F. Bright**
      Bruce F. Bright (Bar No. 27236)
      Ayres, Jenkins, Gordy & Almand, P.A.
      6200 Coastal Highway, Suite 200
      Ocean City, Maryland 21842
      Tel: 410-723-1400
      Fax: 410-723-1861
      E-mail: bbright@ajgalaw.com
      *Attorneys for Defendant John Rivello*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 18th day of June, 2020, a copy of the foregoing Defendant John Rivello's Response to Plaintiff's Motion for Entry of a Confidentiality Order (with Exhibits A-E) was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.


      **/s/ Bruce F. Bright**
      Bruce F. Bright