# EXHIBIT C

# Bruce F. Bright

| | |
|---|---|
| **From:** | Bruce F. Bright |
| **Sent:** | Wednesday, April 8, 2020 3:27 PM |
| **To:** | Jennifer B. Maisel; Kim Willison; Victoria O'Neill |
| **Cc:** | Steven Lieberman; Spencer J. Johnson; Nasri Hage |
| **Subject:** | RE: Eichenwald v. Rivello - Modification of Scheduling Order |
| **Attachments:** | Draft Stipulated Protective Order - with BB changes (redline) 4 8 20.docx |
| **Importance:** | High |

Jennifer and Steven:
Attached is a redline with my proposed changes to the protective order.* I've reviewed the cases you've cited and do not read those as prohibiting as an absolute matter the sharing of information between civil defense counsel and criminal defense counsel in this type of circumstance. Certainly, the cases make clear that the Court has discretion to fashion limitations in this regard; and they arguably stand for the proposition generally that discovery which by Rule or Court Order could not be obtained by a criminal defendant cannot be obtained through civil discovery and used in the criminal case. As far as I am aware, Mr. Eichenwald's medical records could properly be subpoenaed in the criminal case; so there is no prohibition in the criminal case against my client obtaining what could be shared in this regard from this civil case.

The other potential problem with your proposed order – which I've tried to address in my redline changes – is that, arguably, it would require sealed filings and an interim sealing motion in regard not only to the filing of "confidential" documents in court (e.g., as an exhibit to a motion) but also as to any reference to or discussion of any matter designated as confidential by a party (e.g., a section of Court filing/motion that discusses Eichenwald's medical data/conditions). This has the potential, given what's at issue in the case, to render all or most of my Court filings, subject to the Order and having to be filed "under seal." We need a way forward that will not be so onerous and restrictive and time-consuming. Your client's medical history is squarely at issue in this case that he has brought. And although we certainly agree to restrict use and disclosure beyond the litigation of medical information he provides in discovery, I'm unwilling to voluntarily agree to a protective order (like you've prepared) that will subject so much of what will happen <u>within the litigation</u> to the constraints of "confidentiality" within the Order.

These issues may need to be elevated to the Court's attention and resolved by the Court; but I think we need to have a call to discuss the matter first.

*Note: The attached redline is without prejudice, and I reserve my right to make further or different changes to the document as our discussions proceed.

-Bruce

Bruce F. Bright
Partner
AJGA
410-723-1400 (Office)
410-693-7349 (Mobile)
bbright@ajgalaw.com
www.ajgalaw.com

1