IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| KURT EICHENWALD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. JKB-17-1124 |
| | ) | |
| JOHN RIVELLO | ) | |
| | ) | |
| Defendant | ) | |

___

## ANSWER OF DEFENDANT JOHN RIVELLO
## TO FIRST AMENDED COMPLAINT

NOW COMES Defendant, JOHN RIVELLO ("Defendant" or "Rivello"), by and through his attorneys, Bruce F. Bright and Ayres, Jenkins, Gordy & Almand, P.A., and hereby responds to the First Amended Complaint of Plaintiff KURT EICHENWALD ("Eichenwald" or "Plaintiff") as follows:

1. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 1 of the First Amended Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the First Amended Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the First Amended Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint.

1

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the First Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the First Amended Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the First Amended Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the First Amended Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the First Amended Complaint.

10. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 10 of the First Amended Complaint.

11. Paragraph 11 sets forth legal assertions as to subject matter jurisdiction rather than factual allegations; accordingly, no responsive averments are required as to paragraph 11 of the First Amended Complaint.

12. Paragraph 12 sets forth legal assertions as to venue rather than factual allegations; accordingly, no responsive averments are required as to paragraph 12 of the First Amended Complaint.

13. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 13 of the First Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the First Amended Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint.

16. The subject "article" speaks for itself as to what its content is, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of what it states. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint.

17. The subject "article" speaks for itself as to what its content is, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of what it states. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint.

18. The subject "article" speaks for itself as to what its content is, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of what it states. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the First Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the First Amended Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the First Amended Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the First Amended Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the First Amended Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the First Amended Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the First Amended Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the First Amended Complaint.

32. The subject "article" speaks for itself as to what its content is, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of what it states. Defendant

otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the First Amended Complaint.

33. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 33 of the First Amended Complaint.

34. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 34 of the First Amended Complaint.

35. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 35 of the First Amended Complaint.

36. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 36 of the First Amended Complaint.

37. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 37 of the First Amended Complaint.

38. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 38 of the First Amended Complaint.

39. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses

to answer the factual allegations in paragraph 39 of the First Amended Complaint.

40. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 40 of the First Amended Complaint.

41. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 41 of the First Amended Complaint.

42. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 42 of the First Amended Complaint.

43. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 43 of the First Amended Complaint.

44. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 44 of the First Amended Complaint.

45. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 45 of the First Amended Complaint.

46. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 46 of the First Amended Complaint.

47. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 47 of the First Amended Complaint.

48. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 48 of the First Amended Complaint.

49. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 49 of the First Amended Complaint.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the First Amended Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the First Amended Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the First Amended Complaint.

53. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 53 of the First Amended Complaint.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the First Amended Complaint.

55. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses

to answer the factual allegations in paragraph 55 of the First Amended Complaint.

56. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 56 of the First Amended Complaint.

57. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 57 of the First Amended Complaint.

58. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 57 of the First Amended Complaint.

59. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 59 of the First Amended Complaint.

60. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 60 of the First Amended Complaint.

61. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 61 of the First Amended Complaint.

62. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 62 of the First Amended Complaint.

63. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 63 of the First Amended Complaint.

64. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 64 of the First Amended Complaint.

65. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 65 of the First Amended Complaint.

66. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 66 of the First Amended Complaint.

67. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 67 of the First Amended Complaint.

68. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 68 of the First Amended Complaint.

69. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 69 of the First Amended Complaint.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the First Amended Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the First Amended Complaint.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the First Amended Complaint.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the First Amended Complaint.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the First Amended Complaint.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the First Amended Complaint.

76. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 76 of the First Amended Complaint.

77. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 77 of the First Amended Complaint.

### **COUNT I – (Alleged Battery Under Texas Law)**

78. Defendant incorporates by reference all of his averments and assertions of his 5th

10

Amendment rights, as set forth in paragraphs 1-77 above, as if fully re-stated herein.

79. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 79 of the First Amended Complaint.

80. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 80 of the First Amended Complaint.

81. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 81 of the First Amended Complaint.

## COUNT II – (Alleged Assault Under Texas Law)

82. Defendant incorporates by reference all of his averments and assertions of his 5th Amendment rights, as set forth in paragraphs 1-81 above, as if fully re-stated herein.

83. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 83 of the First Amended Complaint.

84. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 84 of the First Amended Complaint.

## COUNT III – (Alleged Intentional Infliction of Emotional Distress Under Texas Law)

85. Defendant incorporates by reference all of his averments and assertions of his 5th Amendment rights, as set forth in paragraphs 1-84 above, as if fully re-stated herein.

86. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 86 of the First Amended Complaint.

87. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 87 of the First Amended Complaint.

88. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 88 of the First Amended Complaint.

89. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution and therefore refuses to answer the factual allegations in paragraph 89 of the First Amended Complaint.

90. In Paragraph 90 of the First Amended Complaint, Plaintiff requests jury trial, and makes no factual allegations. Accordingly, no response is required to that numbered paragraph in the First Amended Complaint.

## **AFFIRMATIVE AND OTHER DEFENSES AS TO ALL COUNTS**

91. On the advice of counsel, Defendant asserts the rights against self-incrimination guaranteed him under the 5th Amendment of the United States Constitution, but without waiver of those rights and with the intent to preserve and assert those rights, Defendant, through undersigned counsel, asserts the following legal defenses:

A. Plaintiff's claims are barred by the doctrine of estoppel.

B. Plaintiff's claims are barred by the doctrine of laches.

C.   Plaintiff's claims are barred by the statute of limitations.

D.   Plaintiff's claims fail to state a claim against Defendant on which relief may be granted.

E.   Defendant is immune from Plaintiff's tort claims under 47 U.S.C. §230(c)(1).

F.   Plaintiff's claims are barred by assumption of risk.

G.   Plaintiff's alleged damages and injuries, if any, were proximately caused by a pre-existing condition or injury unrelated to the Plaintiff's allegations.

H.   Plaintiff's alleged damages and injuries, if any, were the sole and/or part proximate result of the acts and/or omissions of the Plaintiff.

I.   Plaintiff's alleged damages and injuries, if any, were the actual and/or part proximate result of the acts and/or omissions of third parties not subject to the control of the Defendant.

J.   Plaintiff's claims are barred, in whole or part, upon the failure to mitigate damages.

K.   Plaintiff's claims are barred by contributory negligence.

L.   Plaintiff's claims are barred, in part or in whole, under applicable comparative fault/proportionate responsibility statutes, Tex. Civ. Proc. & Rem. Code Ann., §§33.001, et seq.

M.   Plaintiff's claims are barred, and Defendant has immunity from liability for such claims, under the First Amendment and Fourteenth Amendment to the United States Constitution, as interpreted judicially.

N.   Any claim for punitive damages by the Plaintiff is barred as the imposition of

punitive damages violates the Due Process Clause of the United States Constitution.

O. The Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code as a statutory defense. Consequently, Plaintiff's recovery for medical expenses is limited to the reasonable and necessary amount actually paid or incurred on behalf of the Plaintiff.

P. Defendant avers that the alleged damages and injuries, if any, were caused solely or in part by intervening, superseding, or new and independent causes. Such causes preclude any liability on the part of the Defendant.

Q. Plaintiff's claims are barred, in whole or part, by Texas Civil Practice and Remedies Code §41.001, et.seq., including but not limited to §41.003 and §41.008.

WHEREFORE, Defendant demands judgment in his favor and against Plaintiff as to all claims advanced in the First Amended Complaint, and further demands that he be awarded costs and expenses, including reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: **/s/ Bruce F. Bright**
Bruce F. Bright (Bar No. 27236)
Ayres, Jenkins, Gordy & Almand, P.A.
6200 Coastal Highway, Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
E-mail: bbright@ajgalaw.com
*Attorneys for Defendant John Rivello*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, by and through his undersigned counsel, Defendant hereby demands trial by jury as to all matters, claims, and defenses, that are triable as of right by jury.

                                                                      **/s/ Bruce F. Bright**
                                                                      Bruce F. Bright

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 10th day of July, 2020, a copy of the foregoing Answer of Defendant John Rivello to First Amended Complaint was filed electronically through the Court's Electronic Case Management and Filing System. All parties to this case are able to access the filing through this system.

                                                                      **/s/ Bruce F. Bright**
                                                                      Bruce F. Bright