# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

July 17, 2020

Jennifer Maisel, Esq.
Steven Lieberman, Esq.
Rothwell, Figg, Ernst & Manbeck PC
607 14th St. NW, Ste. 800
Washington, DC 20005

Bruce F. Bright, Esq.
Mark S. Cropper, Esq.
Ayres, Jenkins, Gordy &
Almand, P.A.
6200 Coastal Hwy., Ste 200
Ocean City, MD 21842

      Subject:    <u>Eichenwald v. Rivello</u>
                   Civil No.: JKB-17-1124

Dear Counsel:

This case has been referred to me for all discovery matters on June 26, 2020 in accordance with 28 U.S.C. § 636 and Local Rule 301. (ECF No. 78). Currently pending are Plaintiff's Motion for Entry of a Confidentiality Order ("Motion") (ECF No. 74), Defendant's Response to Plaintiff's Motion for Entry of a Confidentiality Order ("Opposition") (ECF No. 76), and Plaintiff's Reply in Support of Motion for Entry of a Confidentiality Order ("Reply") (ECF No. 77). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Motion (ECF No. 74) is GRANTED in part, and DENIED in part.

Plaintiff seeks entry of his proposed confidentiality order ("Proposed Order") (ECF No. 74-2): (1) to prevent the disclosure of plaintiff's personal information, including, but not limited to, plaintiff's medical information; and (2) to prevent the disclosure or use of confidential material outside of the present litigation, to include the defendant's criminal case pending in Dallas, TX. (ECF No. 74 at 2–3). Plaintiff contends that good cause exists to enter the Proposed Order to prevent harassment of plaintiff by defendant or defendant's associates, arguing that defendant has expressed a desire to "fight [p]laintiff in person" and to hire a private detective to follow plaintiff. (<u>Id.</u> at 2). Plaintiff additionally argues that there is good cause to "prevent [d]efendant from circumventing the restrictions on discovery in the criminal case by sharing [p]laintiff's discovery materials generated in this case for use in the Texas criminal case." (<u>Id.</u>) Plaintiff maintains that using information obtained in this civil case for defendant's criminal case is improper and "protective orders are appropriate 'to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases.'" (<u>Id.</u> at 4 (quoting <u>Degen v. United States</u>, 517 U.S. 820, 826 (1996)).

Defendant objects to the Proposed Order arguing that the sealing process for using confidential documents in this litigation would be too onerous because the Proposed Order provides that each party is "empower[ed] . . . to mark any document produced as 'confidential' on a virtually-discretionary basis." (ECF No. 76 at 2). In addition, defendant contends that the Proposed Order

Eichenwald v. Rivello
Civil No.: JKB-17-1124
July 17, 2020
Page 2

would "prohibit[] disclosure of documents marked as 'confidential' to [d]efendant's Texas criminal defense counsel," (id.), which would impede his "ability to fully and effectively participate in the defense of the criminal case in Texas." (Id. at 4). Defendant maintains that the Proposed Order could "wall off" material documents and information from defendant and criminal defense counsel that would otherwise need to be turned over by the Texas prosecutor under Brady v. Maryland, 373 U.S. 83 (1963) and Article 39.14(a) of the Texas Code of Criminal Procedure, which requires the state to produce certain documents to the defendant. (Id.)

Plaintiff seeks entry of a confidentiality order to protect plaintiff's confidential records, including information related to plaintiff's medical condition, and other matters that might be appropriately designated as confidential due to the nature of plaintiff's allegations. Despite defendant's protestations that the proposed sealing process would be too onerous, the process identified in the Proposed Order comports with this court's Local Rules governing the designation and treatment of confidential information filed with the court. (ECF No. 74-2 at 5); Loc. R. 105.11, 104.13. Specifically, both the Proposed Order and the Local Rules require any materials subject to a confidentiality order to be filed under seal with the Clerk of the Court, together with an Interim Sealing Motion to which interested parties may object within fourteen days. (ECF No. 74-2 at 5); Loc. R. 105.11, 104.13. Indeed, as this court has recognized by the drafting of the court's standard confidentiality order, the order provides an appropriate and efficient procedure for the designation of confidential information as well as for a challenge to the sealing of that information. Accordingly, defendant's argument that the Proposed Order is too burdensome is rejected.

Moreover, defendant's argument that the Proposed Order would infringe on his rights related to his criminal case is wholly unpersuasive. Discovery in this case is not a vehicle for discovery in an unrelated criminal proceeding. This civil case—and the defendant's criminal case—are two separate proceedings pending in different courts, each with its own applicable discovery rules. Indeed, defendant has not cited to any persuasive authority to support his position that a confidentiality order should not be issued in this case so that he can use the personal information he obtains about the plaintiff here in the Texas criminal case. Defendant's reliance on Brady and Article 39.14(a) of the Texas Code of Criminal Procedure is misplaced. As plaintiff notes, Brady requires that the prosecution turn over all exculpatory information in its possession and Article 39.14 relates to material that is "in the possession, custody, or control of the state or any person under contract with the state." (ECF No. 77 at 1–2). These provisions have nothing to do with whether it is appropriate to issue a confidentiality order in this case. Rather, the defendant should seek to obtain discovery for use in his criminal case in the forum in which that matter is pending.

Based upon the record in this case, and the arguments of plaintiff, I conclude that there is good cause for the issuance of a confidentiality order in this case. I note, however, that plaintiff's Proposed Order makes certain modifications to this court's standard confidentiality order but that the need for said modifications is not apparent. Therefore, I conclude that the court's standard order adequately addresses the needs of the parties in this case, and by separate order, I am entering the court's standard confidentiality order. Accordingly, plaintiff's Motion (ECF No. 74) is granted in part, and denied in part.

Eichenwald v. Rivello
Civil No.: JKB-17-1124
July 17, 2020
Page 3


      In addition, by separate letter order dated today, I am providing you with my informal discovery dispute procedure, which you should use for any future discovery disputes in this case.

      Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

                  Very truly yours,

                      /s/

                  Beth P. Gesner
                  Chief United States Magistrate Judge