UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

July 17, 2020

Jennifer Maisel, Esquire
Steven Lieberman, Esquire
Rothwell, Figg, Ernst & Manbeck, PC
607 14th Street, N.W., Suite 800
Washington, DC  20005

Bruce F. Bright, Esquire
Mark S. Cropper, Esquire
Ayres, Jenkins, Gordy & Almand, PA
6200 Coastal Highway, Suite 200
Ocean City, MD  21842

James L. Otway, Esquire
Otway, Russo & Rommel, PC
108 Downtown Plaza
P.O. Box 4096
Salisbury, MD  21803

Re:   Kurt Eichenwald v. John Rivello, et al.
      Civil No. JKB-17-1124

Dear Counsel:

As I mentioned in my letter order of today's date, I am providing you with my informal discovery dispute procedure. The parties should only use the expedited process detailed below for any disputes that remain after the parties' good faith effort to resolve the dispute on your own. Please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary.

My informal discovery dispute procedure is as follows:

**At the outset, I note that you are required to attempt to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1. File a **joint** brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute (noting the nature of the dispute), confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Note: This requirement contemplates a discussion between counsel, not an email exchange.

2. Within 24 hours of sending the letter noted above, counsel involved in the discovery dispute shall file short letters (not to exceed two pages) setting forth their respective positions. You are not to "reply" to each other's letters. This procedure

Case 1:17-cv-01124-JKB   Document 85   Filed 07/17/20   Page 2 of 2

Kurt Eichenwald v. John Rivello, et al.
Civil No. JKB-17-1124
July 17, 2020
Page 2

      contemplates that you will file your letters contemporaneously and that you are already familiar with the other party's position by virtue of your conference.

3. Upon review of these letters, I will determine whether a telephone conference is necessary to resolve the dispute. If not, I will resolve the dispute. If so, my chambers will contact you with a timeframe for when I am available for a conference call.

4. If I advise counsel that I would like to have a telephone conference, the parties should confer and call my chambers with a date and time within that timeframe when all counsel are available.

5. It shall be the responsibility of plaintiff's counsel to arrange for a conference call at the prescribed time.

6. I will not make a tape recording of the hearing. If any of you want a court reporter to record the hearing, it will be your responsibility to have a court reporter present in your office. Of course, you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so after hearing from you, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                Very truly yours,

                /s/

                Beth P. Gesner
                Chief United States Magistrate Judge